## VANCE *vs.* CAMPBELL ET AL.

1. Where a patentee, suing for an infringement of his patent, declares upon a combination of elements which he asserts constitute the novelty of his invention, he cannot, in his proofs, abandon a part of such combination and maintain his claim to the rest.

2. Much less can he prove any part of the combination immaterial or useless.

3. The combination is an entirety; if one of the elements be given up, the thing claimed disappears.

4. The 9th section of the act of 1837, (5 U. S. Stat., p. 194,) which provides that the suit shall not be defeated where the patentee claims more than he has invented, applies only to cases where the part invented can be clearly distinguished from that claimed but not invented.

5. In a suit for the infringement of a patent right, no notice is necessary to justify the admission of evidence on behalf of the defendant to show the improvements existing at the date of the plaintiff's invention in the class of articles to which it belongs.

6. The rules of evidence prescribed by the laws of a State are rules of decision for the United States courts while sitting within the limits of such State within the meaning and subject to the exceptions contained in the 34th section of the judiciary act.

7. Where a bill of exceptions sets out that a witness was offered, was objected to on the ground of incompetency, and rejected by the court below, but does not state what facts he was called to prove, this court will not presume that his testimony would have been immaterial if it had been heard.

Error to the Circuit Court of the United States for the southern district of Ohio.

This suit was commenced in the Circuit Court at Cincinnati, December term, 1859, by Vance against Campbell, Ellison, and Woodrow. Judgment for defendants. Writ of error sued out by plaintiff. The question argued here and the material facts bearing upon it are fully discussed in the opinion of the court.

*Messrs. Lee* and *Fisher*, of Ohio, for plaintiff in error.

*Mr. Lincoln*, of Ohio, for defendant in error.

Mr. Justice NELSON. This is a writ of error to the Circuit Court of the United States of the southern district of Ohio.

The suit was brought by Vance against the defendants in the court below, for the infringement of a patent for certain improvements in cooking stoves.

The patentee recites in his specification, that it has been very difficult heretofore to make the bottom and back plates of the oven sufficiently hot, and equally difficult to prevent the front and top from becoming too much heated. For this difficulty, he says, he has devised a remedy, which consists in a particular arrangement of the flues, for the purpose of equalizing the draught above and below the oven.

To heat the oven equally on all sides, he further observes, it must be uniformly enveloped with heated products of combustion; and, to this end, the flue is divided in front of the oven into two branches, one passing above, the other below the oven, and which reunite near the middle of the back flue, where they enter the pipe $i$, or smoke-pipe, which is made to descend to that point. The patentee then speaks of certain irregularities that would still exist in the distribution of the heat around the oven, to prevent which he places a plate A in front of the cold-air chamber, so as to form a flue in front, whose mouth is at the same distance from the flue above the oven that the lower end of the pipe $i$ in the back part of the stove is below the oven; and these flues being at all times unobstructed, their action will be uniform, and the heat be equally distributed under all circumstances on the several sides of the oven. The patentee then states, that he claims as new, and for which he desires a patent, "the combination of the diving pipe $i$ with the flues F, arranged as herein described, for the purpose of evenly distributing and equalizing the heat on four sides of the oven, without using or requiring any dampers, as herein set forth."

The main point in the case turned upon the question of infringement. The defendants' stove had no plate A in front of the cold-air chamber, forming a front flue; and, hence, one of

the elements of the plaintiff's combination was not used; and, if so, there would be no infringement. The plaintiff, however, sought to get rid of the objection, by proving that that part of his contrivance and claim were immaterial and useless, and that the diffusion of the heated air around all sides of the oven would be as effectual without as with it. Assuming this proof to be competent to help out the infringement, the patent would stand on the combination of the diving pipe *i* and flues, as arranged, without the front flue, formed by the plate A in front of the cold-air chamber, and the division of that flue called the "mouth" in the specification.

Now, the plaintiff in his declaration sets out the patent, specification, and claim as issued to him by the Government, and founds his action upon them as thus set out, and charges the defendant as having infringed the invention as thus claimed. The infringement as charged is denied. This is the issue presented for trial, and which the defendants were called upon and were bound to prepare to meet. This issue involved the question, whether or not the defendants had infringed the improvements in the cooking stove, consisting of a combination of the diving pipe *i* with the flues, as arranged, one of which was a flue in front of the stove formed by plate A, the flue being one of peculiar construction. It is quite apparent, if this part of the combination is abandoned, and the remaining part of it relied on alone, the issue is changed, and the defendants surprised, the pleadings misleading instead of advising them of the question to be tried.

It is true, by the ninth section of the act of 1837, (5 U. S. Stat., p: 194,) it is provided, that the suit shall not be defeated where the patentee claims more than he has invented; it must be, however, in a case where the part invented can be clearly distinguishable from that claimed, but not invented.

This provision cannot be applied to the present case, for, unless the combination is maintained, the whole of the invention fails. The combination is an entirety; if one of the elements is given up, the thing claimed disappears.

Besides the above view, it is most apparent, from an examination of the specification, that the patentee not only described,

but claimed the front flue formed by the plate A, fig. 2, as a material and important part of the arrangement for distributing equally the hot air on the several sides of the oven. To prevent irregularities, referred to and particularly described, he observes: "I place the plate A, as in fig. 2, so that it will form a flue in front of the cold chamber, whose mouth (as it is called) is at the same distance from the flue above the oven that the lower end of the pipe *i* is above the flue below the oven; and these flues being at all times unobstructed, their action is uniform, and the heat is equally distributed, under all circumstances, on the several sides of the oven." The patentee might as well have undertaken to prove any other part of the combination immaterial and useless, as the part above, and its uses so particularly described. Indeed, according to the doctrine contended for, a patent would furnish no distinct evidence of the thing invented, as that would depend upon what part of the specification and claim the jury might think material or essential.

Several exceptions were taken to the admissibility of evidence offered by the defendants, but without referring to them specially, it will be a sufficient answer to say, that it was competent and relative as showing the state of the art in respect to improvements in the manufacture of cooking stoves at the date of the plaintiff's invention. No notice was necessary in order to justify the admission of evidence for this purpose.

The plaintiff, in the course of the trial, was offered as a witness, and objected to by the defendants as incompetent, and his testimony was excluded. It is admitted that the testimony of the parties to the suit is competent, according to the rules of evidence in the State courts of Ohio.

The thirty-fourth section of the judiciary act provides that the laws of the several States, with the exceptions there stated, shall be regarded as rules of decision in trials at common law in the courts of the United States. This section has been construed to include the rules of evidence prescribed by the laws of the State in all civil cases at common law not within the exceptions therein mentioned. The point has not been, perhaps, expressly decided in a case reported in this court, but

the principle has been recognised in several cases. (12 Peters, 89; 6 How., 1; 12 How., 361.)

The facts which this witness offered to prove are not stated in the bill of exceptions. We cannot, therefore, disregard the exception upon the idea that the testimony could not have been material, or could not have changed the result of the verdict.

*Judgment reversed—venire de novo.*