Mr. Justice DAVIS
delivered the opinion of the court:
1. The allegation in the declaration must be taken, generally, as fixing the amount or value for the purposes of jurisdiction. But the subsequent pleadings may so change the original character of the suit as to involve an amount or *68 value in excess of two thousand dollars, and when this is done, the judgments and decrees of the court below are subject to be reviewed here.
In this case Ryan interposed a notice of set-off, and insisted that Bindley owed him four thousand dollars, for goods sold and money lent, which he claimed the right to set off against Bindley’s demand, and to recover against Bindley a judgment for the excess. By the laws of Ohio such a defence is permitted, and if the defendant succeeds in proving his set-off, and it is larger than the plaintiff’s claim, he is entitled to a judgment for the excess. The parties are concluded by the judgment, and cannot again litigate the same subject-matter, unless the judgment should be reversed, on appeal or writ of error to the Supreme Court. This law of set-off, or counter claim, and the practice under it, has been adopted as a rule of court, by the Circuit Court of the United States for the districts of Ohio. The plea in this case was therefore proper, and after it was interposed the matter in dispute rightfully exceeded the sum of two thousand dollars, exclusive of costs, and as the plaintiff had judgment, it is plain that the defendant had the right to sue out his writ of error.
2. A reversal of the judgment is claimed, because the Circuit Court refused to permit the defendant to testify as a witness. In Ohio a party to the suit is a competent witness on his own behalf. The rules of evidence prescribed by the laws of a State are rules of decision for the United States courts, while sitting within the limits of such State, under the 34th section of the Judiciary Act.* The court having rejected the witness, when he was competent, the judgment below must be reversed, and a venire de novo awarded.
Judgment accordingly.

 Vance v. Campbell, 1 Black, 430; Wright v. Bales, 2 Id., 535.