## HOFF *v.* IRON CLAD MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 225.   Argued March 18, 1891. — Decided March 30, 1891.

In view of the previous state of the art, the first claim in letters patent No. 279,871, issued June 19, 1883, to Charles Hoff of Cincinnati, for an improvement in coal-hods, must be limited to the entire bottom of the crimped material and the resultant increase in its thickness ; and, being so limited, it is not infringed by a coal-hod made after letters patent No. 304,033, granted August 26, 1884, to Henry S. Reynolds.

Whether both patents were not void for want of novelty, *quære.*

THIS was a bill in equity to recover damages for the infringement of letters patent No. 279,871, issued June 19, 1883, to Charles Hoff of Cincinnati, Ohio, for an improvement in coal-hods. In his specifications the patentee stated that his invention related " to coal-hods and similar sheet-metal vessels," and its object " to produce a stronger and better article than those in common use at a less cost of labor and material." He stated his invention to consist " in forming the bucket from a blank so shaped as to be bent into a cone or funnel-shaped body, then folding the cone end of said body in crimps to form the bottom." There were two claims to the patent, namely :

" 1. The method of forming the body of a coal-hod or other similar vessel, which consists, substantially, as before set forth,

in first forming a cone-shaped body from a suitable blank, then folding in the cone end of said body in crimps to form the bottom."

" 2. As a new article of manufacture, a coal-hod formed of a single piece, and having its bottom crimped or folded to form a series of annular ribs or rings of progressively-increasing diameter, substantially as shown and described."

The defences were in substance —

1. That in view of the prior state of the art, as disclosed by various patents and devices, there was no novelty in the invention;

2. That defendant did not infringe.

The Circuit Court at first rendered a decree for the plaintiff, (27 Fed. Rep. 307,) and subsequently, upon a rehearing, dismissed the bill, (31 Fed. Rep. 45.)

*Mr. George J. Murray* for appellants.

*Mr. J. E. H. Hyde* for appellee. *Mr. Frederic Betts* and *Mr. Ernest C. Webb* were on the brief.

MR. JUSTICE BROWN delivered the opinion of the court.

The essence of the Hoff patent consists in his method of manufacture, by taking a blank sheet of metal of the proper size and shape, folding it in the form of a cone, and then crimping the smaller end to form the bottom, which is thus made much thicker and more durable than the sides. The bottom shown in his drawings is composed of a series of concentric rings, but he states in his specifications that he does not desire to limit himself to any particular form of crimp or fold for the bottom of the hod; since it is evident that the form of the fold may be changed and still have the tapering end of the blank compressed to force the surplus metal to fold over and strengthen the bottom, and it is also evident that the blank may be varied to suit different shapes of hods.

To ascertain the exact scope of this patent it is necessary to examine the state of the art at the time it was issued. The

crimping or doubling in of the ends of paper packages has, of
course, been a common practice from time immemorial. The
patent to George Smith, No. 124,093, issued February 27,
1872, exhibits a coal-hod in the shape of an inverted hollow
cone, the apex of the cone being the bottom and centre of the
hod. It differs from an ordinary coal-hod only in dispensing
with the ordinary horizontal bottom, and contains no sugges-
tion of the crimping process, which is the main feature of the
Hoff patent hod, although a method is suggested of repairing
the bottom of the hod by the substitution of a new cone, which
constitutes the chief feature of the invention.

The patent to Edward F. O'Toole, May 22, 1877, No.
191,071, exhibits a coal-hod formed of a blank piece of metal,
forced into a series of vertical crimps upon both sides of the
hod. The crimps begin at the bottom of the hod and widen
toward the top. The bottom, however, is rectangular, and
composed of a single sheet of metal, so that the hod is really
the weakest at the part which is subjected to the greatest
wear.

Patent No. 199,370, of January 22, 1878, to Isaac F. Kearns,
relates to a method of strengthening or reënforcing those parts
of tin vessels most subject to wear and strain, in forming upon
the bottom of the vessel a fold, which is bent up against the
bottom until it is flat, so that at the fold there are three thick-
nesses of metal in close contact, to resist wear at this exposed
point. After being thus provided with the flattened fold the
vessel is retinned, so that the crevices on the inside and outside
are closed, and water excluded from the fold. This, though
evidently for a bottom-forming process, contains but a faint
suggestion of the patent in suit — both the process of manu-
facture and the result being entirely different from those
shown in plaintiff's patent.

The patent to Clark and Wells, No. 221,522, of November
11, 1879, for an improvement in metallic baskets, exhibits a
body made of a rectangular blank or piece of sheet metal,
which is bent in cylindrical form, with the ends of the sheet
metal overlapping each other and riveted, while the metal is
straight. The corrugations are made broad and shallow at

their upper ends, near the top of the basket, and then gradually decrease in width and increase in depth toward the bottom. It is somewhat similar in principle to the O'Toole patent, and, like that, differs from the plaintiff's in failing to provide for an increased thickness for the bottom, which is an ordinary one and secured to the body by the usual seaming process.

The English patent to George Hazeltine, of December 19, 1873, is for "improvements in cylindrical and other boxes, cases, cans and similar vessels, and in apparatus for the manufacture of the same." While many of the articles enumerated in his patent are evidently contemplated to be made of paper or pasteboard, he expressly describes his product as consisting "of a box or other vessel of any suitable material, when constructed by folding, crimping, swaging or compressing," and the use of the mandril, punch and die in the formation of his boxes indicates that he is dealing with substances not easily flexible. The result is a box of any suitable material made by crimping or folding a portion of a previously prepared tube or hollow cylinder in such a manner as to form the closed end thereof, or, as described in his sixth claim, "an oval box formed from a tube or hollow cylinder, when the bottom of the same is made by folding or crimping in a portion of the body thereof." Even if the only material contemplated by Hazeltine were pasteboard, the adaptation of the same method of manufacture to a stiff material like zinc or sheet iron would not necessarily involve invention, so long as the process of manufacture is practically the same. His results are practically the same as those obtained by the Hoff patent, except that it would appear from the Hazeltine drawings that he did not contemplate that the entire bottom of the box should be formed of the crimped materials, but that the centre should be made of another piece of metal, over which the ends of the side pieces are crimped to form a solid bottom. The exhibit "Old Zinc Cylinder" is an application of the Hazeltine idea to the formation of a metallic cylinder for holding a roll of sheet zinc, and consists of a metal case or body, in which the ends or bottoms are formed in part of the same piece of metal

which forms the sides, such metal being folded afterwards into crimps, and the crimps flattened down over a wooden head which is held in place by nails driven through the periphery of the cylinder into the rim of the head.

Conceding then that it was old to crimp in and fold the ends of cylindrical cartridges and boxes of pasteboard, or other stiff material, as shown in the Hazeltine patent, and also that it was old to turn the edge of metallic cylindrical vessels or packages to hold separate bottoms or heads of such vessels and packages, it is evident that, if the first claim of the Hoff patent can be supported at all, it can only be for the formation of the *entire* bottom of the crimped material, and the resultant increase in its thickness.

Defendant is making a coal-hod after a patent granted to Henry S. Reynolds, No. 304,033, dated August 26, 1884, the principal advantages of which are declared by the patentee to be an increase of strength and durability of the vessel, and a decrease of the cost of production. To accomplish these objects he *partially* forms the bottom out of the metal forming the body, and closes the aperture and completes the bottom by a cap. The blank is cut out in the ordinary way, and is then formed up by bending its edges around and uniting them to form the body. The next operation consists in placing the body in an inverted position, in a stamping press of the requisite power, and subjecting it to compression between dies, of suitable shape, to fold its lower edge inwardly, and to form a series of ribs tapering toward the centre. The next step consists in placing the body in a press, and, by the action of another set of dies, flattening the ribs, and thereby partially forming the bottom of the vessel out of a portion, and in one piece with the body, the walls of the ribs folding in upon the metal between them, and thus increasing the thickness of a portion of the bottom, and consequently, increasing its strength and durability. To finish the bottom, he employs a cap punched out of sheet metal, inserted in the partially completed bottom, its rim resting upon the inside, and its body projecting through the aperture, and so flattened down upon the crimps as to completely close the aperture and bind the ribs. Under

the narrow construction we are compelled to give the Hoff patent, it is evident this is no infringement. Whether the result produced be or be not inferior to the Hoff hod, of course is not involved in this case. It may be true that Reynolds conceived the idea of his hod from an examination of the Hoff device; but he is none the less entitled to claim that the Hoff patent had been anticipated by prior devices, especially when such prior devices appear to show a complete anticipation of his own. Indeed, both of these parties seem to have been gleaning in a field already open to the public.

It is clear that the second claim of the Hoff patent for "a coal-hod formed of a single piece and having its bottom crimped or folded to form a series of annular ribs or rings of progressively-increasing diameter" is not infringed by the Reynolds device, as no such rings or ribs or anything approximating to them is shown in the defendant's hod.

The decree of the court below must be

*Affirmed.*