Morris, District Judge.
This is an action on the case for infringement of a patent for improvement in feed-water heaters for steam fire en *738 gines. The patent was issued August 18, 1868, and expired August 18, 1885. This suit was entered August 15, 1891, 3 days less than 6 years after the expiration of the patent, and the declaration alleges infringement by the defendant during the entire period of 17 years, from 1868 to 1885, covered by the existence of the patent. The defendant has pleaded the Maryland statute of limitations of three years, applicable to actions on the case, and to this plea the 'plaintiffs have demurred. Since the enactment of the United States patent laws, the only statute enacted by congress limiting actions for infringement of patents was the act of July 8,1870, which was repealed by the act of congress, June 18,1874, adopting the Revised Statutes, so that, except in respect to those matters which come within the saving clause of that repeal, the law was then left and remains as it had been prior to the enactment by congress of any act of limitation. The contention of the plaintiffs is that there is now no statute of limitations applicable to actions for infringement of patents, and the contention of the defendant is that the statute of the state in which the federal court is held is applicable by virtue of section 721 of the Revised Statutes, which provides that “the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.” The plaintiffs contend that an action for infringement of a patent is a case to which the above-quoted section 721 does not apply, because such actions arise out of rights created by an act of congress, as to which congress has given the federal courts exclusive jurisdiction, and that the section is only applicable to cases where the state and federal courts have concurrent jurisdiction over the subject-matter.
This question of the applicability of the statute of limitations of the several states to actions for infringement of patents has been frequently raised in the circuit court of the United States, and has been variously decided. There has as yet been no authoritative decision by any appellate court. In the present condition of the adjudications on this question, eminent judges and careful text writers have declared that the weight of judicial opinion is that the state statutes are not applicable, and it has been so held in the circuit court of the United States for the district of Connecticut, in a case now pending there, for infringement of this same patent, between these plaintiffs and the city of Hartford. 49 Fed. Rep. 372.[1] The question has been fully argued before me, and I have been assisted by the briefs of counsel, and particularly by the unusually able and exhaustive brief filed by the counsel who then represented the city of Baltimore; but, in view of the fact that the question has been already so often passed upon and discussed by the circuit courts, it would be useless to enter into a discussion of the authorities. The settlement of the question must wait for its authoritative decision by an appellate tribunal. I am free to say, however, that I find myself unable to concur in the reasoning by which the decisions adverse to the applicability of *739 the state statutes are sustained. There are, it is quite true, many reasons why congress should enact a statute of limitations expressly applicable to this peculiar character of property; but this, of itself, is no reason why, in the absence of such legislation, suits arising out of patents should not be governed by the same rules as govern similar actions. I am not aware of any common-law action, growing out of private rights, even though granted by the United States, to which, in the absence of any federal statute, the state statute of limitations are not held applicable. McCluny v. Silliman, 3 Pet. 270; Bank v. Dalton, 9 How. 522; Bank v. Eldred, 130 U. S. 693, 9 Sup. Ct. Rep. 690; Leffingwell v. Warren, 2 Black, 599; Amy v. Dubuque, 98 U. S. 470.
I do not appreciate the supposed force of the argument that because congress, in order to secure uniformity of decisions as to the construction of the patent laws and the validity of patents, has given to the federal courts the exclusive jurisdiction of questions of infringements, that, .therefore, this class of cases should be the sole exception to the prevailing rule, which makes the state acts of limitations just as binding upon the federal courts as they are upon the state courts; more especially as the supreme court has held that section 721, so far as it makes the state laws rules of decision as to the competency of witnesses, is applicable to this very class of actions for infringement of patents. Vance v. Campbell, 1 Black, 427; Haussknecht v. Claypool, Id. 431. If there be merely a doubt as to whether or not section 721 is applicable, the fact that not to hold it applicable would leave actions for infringement of patents the only private actions not affected by any statute of limitations should, in my judgment, favor the construction which would make the statute applicable. McCluny v. Silliman, 3 Pet. 270; Hayden v. Oriental Mills, 15 Fed. Rep. 605; Copp v. Railway Co., 50 Fed. Rep. 164.
Such is my opinion, notwithstanding the weight of authority which is claimed to be against it, and if there were no appeal, or if the whole of complainants’ case were cut off by the statute pleaded, I should feel called upon to overrule the demurrer; but in view of the doubt in which the question rests, and of the fact that part of complainants’ claim is within the savings of the repeal of the statute of 1870, and that there must be a trial in any event, and that the question will probably, in any event, be carried up to an appellate court, I think it best that I should yield my own judgment, and let the whole case go to the jury. The repeal of the statute of 1876 saved to suitors the right to bring suit for any infringement occurring before its repeal, within six years from the expiration of the patent; therefore any infringement by the defendant prior to June 18, 1874, is within the provisions of the federal statute. If at the trial of this case the verdict should be in favor of the plaintiff, it will be proper that the jury shall find separately the amount of damages prior to June 18, 1874, and the amount of damages subsequent to that date, so that, however the question of limitations may be ultimately settled, -there may be no difficulty in entering a proper judgment without a second trial. For the purposes of this case I shall sustain the demurrer.

 See, also, Brickill v. City of Buffalo, 49 Fed. Rep. 371, for a like ruling.