### VINCENT et al. v. RIGBY.

(Circuit Court, D. New Jersey. July 28, 1893.)

1. PATENTS FOR INVENTIONS—WEATHER STRIPS—INFRINGEMENT.

Letters patent No. 381,166, issued April 17, 1888, to Charles R. Vincent, for improvements in weather strips, whereby the joined edges of a tubular cushion are reinforced by a binding rib or cord, with a metallic plate adapted to be bound over and upon the reinforced edges, are for mere combinations of constituents previously used in the art, productive of no distinctively new result, and, if sustainable at all, in view of the prior state of the art, are entitled to a narrow construction only, and are not infringed by a device made under letters patent No. 434,890, issued August 19, 1890, to Clifford Seville, for an improved weather strip in which a narrow reinforcing strip is inserted between the lapped edges of the rubber cushion, and firmly secured thereto by coarse stitching, in combination with a metallic housing or backing.

2. SAME—EQUIVALENTS.

As the Seville patent does not use one of the specified elements—the cord—of the Vincent patent, and the invention for which the latter was granted is not of a primary character, the doctrine of equivalents has no application.

In Equity. Bill by Charles R. Vincent and others against William Rigby for infringement of a patent. Bill dismissed.

Edwin H. Brown, for complainants.
J. E. M. Bowen, for defendant.

ACHESON, Circuit Judge. This suit is founded on letters patent No. 381,166, granted April 17, 1888, to the plaintiff Charles R. Vincent, assignee of Josiah Poyton, for improvements in weather strips. The specification, after stating that Poyton had "improved the weather strip in which a tubular cushion is employed as the weather-protecting strip," and that the improvement consists in "the particular construction of the device," whereby it is rendered more durable in maintaining its tubular form, and its connection with its metallic supporting part is rendered strong and firm and of simple construction, proceeds thus:

"The precise improvement consists in the provision whereby the joined edges of the tubular cushion are reinforced by a binding rib or cord of textile material, and the provision of a metallic binding plate adapted by its peculiar construction to be bound over and upon the reinforced edges of the tubular cushion, and to form a bearing upon the outer side only of the lapped edges of the cushion part, as I will now describe, and make such precise improvement the subject of my claims."

Describing the manner of constructing the device, the specification states:

"First form the cushion, c, into shape by bringing the longitudinal edges together, and stitching the same onto the textile strip or cord, s. * * * It will be noticed that the binding strip, s, is secured to the outer side of the lapped parts of the tubular cushion and at the top reinforced edges of such lapped parts, and that the upper edge of the binding plate is so bent and formed as to grasp this reinforced edge part, so that the reinforcing rib will lie in a hollow on the inner side of the grasping edge of the plate, with the latter on one side, only, of the cushion-lapping parts, as shown in Fig. 5."

FIG. 2. FIG. 3. FIG. 4. FIG. 5. Fig. 6.

The plaintiffs allege infringement of the first and second claims of the patent. The first claim is as follows:

"(1) A weather-strip cushion consisting of a tubular part, c, having its edges lapped and reinforced by an edge-binding ridge or cord, s, in combination with a metallic binding plate having one edge grasping the reinforced lapped edges of the cushion, its other edge having a closed lap or fold, forming a bearing upon the tubular part of the cushion at one side, only, of its lapped parts, substantially as described, for the purpose specified."

The second claim differs from the first only in stating that the tubular formed cushion is made of "rubber," and that the metallic binding plate is provided with "a longitudinal ridge corrugation forming a bearing upon the outer side, only, of the cushion-lapped parts."

In view of the prior art, as disclosed by this record, it is very difficult to see any patentable invention in "the particular construction" here shown. Atlantic Works v. Brady, 107 U. S. 192, 200, 2 Sup. Ct. Rep. 225. Weather strips composed of a tubular cushion formed by folding a strip of rubber or other flexible material longitudinally, in combination with metallic backings of divers forms, were old. The prior patent to Cosper not only shows this combination, but also the locking of the two parts together, by looping the strip of flexible material around a wire or other filament so as to longitudinally secure or anchor the strip within the embracing por-

tion of the metallic base. The Browne patent of 1862 shows a weather strip composed of a flexible pad or cushion of rubber or other elastic substance, in combination with a metallic binding plate, which latter is substantially the same in form and function as the metallic binding plate of the patent in suit. The Osgood patent of 1876 for an improved weather strip, while not showing a metallic backing, does show a tubular cushion of rubber or other elastic material, formed by bringing together the longitudinal edges of the flexible strip and reinforcing them by a binding strip laid along one side of the lapped parts, and secured thereto by sewing, riveting, or cementing. Now, it is hard to concede that there is any invention in combining the Osgood cushion and Browne's metallic binding plate.

But, if the patent in suit can be sustained, it must receive the narrowest construction. Railway Co. v. Sayles, 97 U. S. 554, 556; Duff v. Pump Co., 107 U. S. 636, 2 Sup. Ct. Rep. 487; Snow v. Railway Co., 121 U. S. 617, 7 Sup. Ct. Rep. 1343. Not only in view of the prior state of the art, but by reason of the very terms of the specification, the plaintiffs must be limited to the "precise improvement" described. Id. The textile strengthening "ridge or cord, s," is specifically an element of each of the claims here involved. The illustrative drawings represent, and the text of the specification describes, the reinforcing rib as an independent cord or strip laid longitudinally on the outer surface of one side of the lapped edges of the cushion, and secured thereto by stitching, and it is set forth that the upper edge of the binding plate is so fashioned as to grasp this reinforced edge part, so that "the reinforcing rib, s, will lie in a hollow on the inner side of the grasping edge of the plate." The interlocking of the two parts is thus effected by the coaction of the added strengthening "cord, s," and the "coiled recess" of the metallic plate. It is idle to say that the appended lateral "edge-binding ridge or cord, s," is immaterial or useless. Vance v. Campbell, 1 Black, 427, 429. "The combination is an entirety; if one of the elements is given up, the thing claimed disappears." Id. And this principle prevails even where the patentee has claimed more than is necessary to the successful working of his device. McClain v. Ortmayer, 141 U. S. 419, 425, 12 Sup. Ct. Rep. 76.

As the patent in suit shows both the laid-on cord, s, and a line of stitching, it is quite inadmissible to say that the latter may be used to the exclusion of the former. A careful reading of the specification, it seems to me, can lead to no other conclusion than that the strengthening cord, s, laid on one side of the folded strip, was supposed to be the efficient means to the proposed end. Indeed, under the proofs, it is very doubtful whether any ordinary stitching, however coarse the thread used, would aid appreciably in keeping the rubber cushion within the metallic binding plate. But at all events, by the terms of these claims, the "ridge or cord, s," is a specific and therefore an indispensable element.

The defendant's alleged infringing device is made under and in accordance with letters patent No. 434,890, granted to Clifford

Seville 'on August 19, 1890, for an improved weather strip, in which' a narrow reinforcing strip of rubber, or the like, is inserted between the lapped edges of the rubber cushion, and firmly secured thereto by coarse stitching passing through the lapped edges' and the inserted piece, in combination with a metallic housing or backing, one edge of which embraces the stitching of the flexible cushion. The specification states that the inserted strip, in conjunction with the "coarse stitching," facilitates the retention of the edges of the cushion within the metallic backing. One of the plaintiffs' experts thinks that the inserted strip performs no such function, but the defendant's expert is of opinion that it does act as stated in the specification, and evidently this was the finding of the patent office. Upon the strict construction which, as we have seen, must be given to the patent in suit, (if it be sustainable at all,) no invasion of the plaintiffs' exclusive rights is shown. Railway Co. v. Sayles, supra; Hoff v. Manufacturing Co., 139 U. S. 326, 11 Sup. Ct. Rep. 580; Derby v. Thompson, 146 U. S. 476, 482, 13 Sup. Rep. 181. In the last-cited case the court said: "But the fact that the defendants have been able, by a skillful contrivance, to dispense with one of the elements of the Kenna claim, does not make the device an infringement." Poyton, at best, was a mere improver, structurally, of an old and commonly used device He applied no new principle. His claims are for combinations, all the constituents of which had previously been used in this art, and he produced no distinctively new result. The defendant does not employ one of the specified elements,—the cord, s. The cases above cited show that the plaintiffs are not entitled to claim broadly the benefit of the doctrine of equivalents, which is rightly applicable to inventions of a primary character. Here the defendant does not make or use the specific form of device shown in the patent in suit, and therefore the plaintiffs have no just cause of complaint.

Let a decree be drawn dismissing the bill, with costs.