## ENGLE SANITARY & CREMATION CO. v. CITY OF ELWOOD.

(Circuit Court, D. Indiana. April 8, 1896.)

No. 9,128.

1. PATENTS—INFRINGEMENT—MECHANICAL EQUIVALENT.
   It is an essential rule, governing the application of the doctrine of equivalents, that not only must there be an identity of function between the two things, but that function must be performed in substantially the same way.

2. SAME—OVENS FOR BURNING OFFENSIVE MATTER.
   In furnaces for burning wet and offensive matter, an open-work grate, upon which the matter is dumped, and through which the liquids percolate, leaving only the solid matter to be consumed by fire, is not the mechanical equivalent of an oven which receives and holds both liquid and solid matter, until the one is evaporated and the other consumed.

3. SAME.
   The Engle patent, No. 372,305, held not infringed as to claims 1, 2, and 3.

This was a suit in equity by the Engle Sanitary & Cremation Company against the city of Elwood, for alleged infringement of a patent.

Chambers, Pickens & Moores (Albert H. Walker, on the brief), for complainant.

C. A. Snow & Co., Andrew Wilson, and Morgan & Morgan, for defendant.

BAKER, District Judge. This is a suit in equity for the alleged infringement of claims 1, 2, and 3 of letters patent of the United States No. 372,305, granted, on the invention of Andrew Engle, to Andrew Engle, James Callanan, and James C. Savery, on November 1, 1887, for improvements in furnaces for burning wet and offensive substances. The complainant deraigns title to the invention by mesne assignments from the original patentees. The bill of complaint is in the usual form in such cases. The answer admits that the defendant is a municipal corporation, existing in due form of law in the state of Indiana, but denies every other averment of the bill. The sole ground of defense interposed on the hearing was that the furnace used by the defendant does not infringe either of the claims of the letters patent of the complainant which are alleged to be infringed. In view of this contention, it is unnecessary, to determine the validity or patentability of the invention embraced in such claims.

The claims alleged to be infringed are as follows:

"(1) The combination of the oven, 2, provided with an opening in the front, and a valve in the rear thereof, with the fireplace, 4, provided with an outlet under the oven and with the valve, 5, closing that outlet, all arranged and operating together, substantially as described.

"(2) The combination of the oven, 2, provided with an opening in front, the fireplace, 40, in the rear of the oven, and connected therewith, and provided with a valve rearward thereof, and the fireplace, 4, provided with an outlet under the oven, and with the valve, 5, closing that outlet, all arranged and operating together, substantially as described.

"(3) The combination of the oven, 2, provided with an opening at the front and a valve in the rear thereof, the fireplace, 4, provided with an outlet under

the oven, and with the valve, 5, closing that outlet, and the fireplace, 10, placed in the rear of the valve, 5, and above its level, all substantially as described."

Each of these claims involve what is known as a combination; and it is a rule of universal application, in the construction of such claims, that the omission in the alleged infringing device of one element of the combination embodied in any claim of the patent will repel the charge of infringement based on that claim. "A combination is an entirety. If one of its elements is omitted, the entire claim disappears. Every part of the combination claimed is conclusively presumed to be material to the combination, and no evidence to the contrary is admissible in any case of alleged infringement. The patentee makes all parts of the combination material when he claims them in combination and not separately." Walk. Pat. § 349. "A claim for a combination covers the exact combination claimed, and nothing more. It does not protect the elements of the combination, nor their mode of union, nor their co-operative law, separately considered. It does not embrace any other union of the same elements, with each other, or with additional elements, nor a combination of a portion of these elements among themselves. Where it omits certain elements, it excludes them from the combination, though they are in fact essential to it as an operative means; and where it treats certain elements as necessary, they cannot afterwards be declared by the inventor to be unnecessary, although the real invention was complete without them." Rob. Pat. § 527; Vance v. Campbell, 1 Black, 427; Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274; Schumacher v. Cornell, 96 U. S. 549; Fay v. Cordesman, 109 U. S. 408, 3 Sup. Ct. 236; Sargent v. Lock Co., 114 U. S. 63, 5 Sup. Ct. 1021; Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493; Manufacturing Co. v. Sargent, 117 U. S. 373, 6 Sup. Ct. 931; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76; Richards v. Elevator Co., 159 U. S. 477, 16 Sup. Ct. 53.

The elements of the first claim are—First, the oven, 2, with an opening under the oven, and a valve in the rear; and, secondly, a fireplace, 4, provided with an outlet under the oven, and a valve, 5, closing the outlet. The defendant's furnace has neither the valves nor the oven which constitute elements in the complainant's furnace, as described in this claim. Counsel, in his brief, makes no mention of the valves which are made material elements of the subcombination of this claim, nor does he attempt to account for their absence in the defendant's furnace. He endeavors to show infringement of this claim by attempting to prove that the open-work grate in the defendant's furnace is an equivalent of the oven, 2, in the complainant's patent; and that certain natural gas burners employed in the defendant's furnace are the mechanical equivalents of the fireplace, 4, of complainant's patent. If this contention were conceded, it would not avail the complainant, because the valves which are made material elements of the first claim are not found in the defendant's furnace. But the claim of counsel is unfounded. The open-work grate of the defendant's furnace is not a mechanical equivalent of the oven, 2, found in complainant's structure. "One thing, to be the

equivalent of another, must perform the same function as that other; and, while it can be such an equivalent if it does more than that other, it cannot be such equivalent if it does less." Walk. Pat. § 352. And it is an essential rule, governing the application of the doctrine of equivalents, that not only must there be an identity of function between the two things claimed to be equivalents, but that function must be performed in substantially the same way by an alleged equivalent, as by the thing of which it is alleged to be an equivalent, in order to constitute it such. Walk. Pat. § 353; Machine Co. v. Murphy, 97 U. S. 120; Roller Mill Patent, 156 U. S. 261, 15 Sup. Ct. 333; Seeley v. Electric Co., 44 Fed. 420.

The oven, 2, in the Engle patent, simply serves to retain the wet and offensive substances which are to be burned, and, being made of solid brick work, there can be no separation of the liquid matter from the solid prior to decomposition. The liquid matter in the oven must first be evaporated into steam, and partially volatilized into gases, before any combustion of the solid matter can take place. This involves the maintenance of a great heat, involving a considerable consumption of fuel; and the process, in the nature of things, must be slow. In the defendant's furnace, the wet and offensive substances are dumped directly on a grated surface, and, as soon as they are thus placed, the liquid matter is separated from the solid, inasmuch as the fluids percolate through the grate into a chamber below, while the solid matter remains upon the grate, ready for immediate consumption by fire. In this way the solid matter is more speedily consumed, and with less expenditure of fuel than occurs in the complainant's furnace. The complainant's oven, 2, serves only the one function of receiving and holding both the liquid and solid matter deposited therein, and there subjecting them to consumption by fire. The defendant's open-work grate performs the additional function of separating the liquid from the solid matter, thus permitting each at once to be separately acted upon by fire. It is therefore apparent that the defendant's open-work grate does not perform the same function as the oven, 2, in complainant's furnace, and in substantially the same way, which is of the essence of equivalency.

The foregoing considerations apply with equal force to the second and third claims of the complainant's patent, and show that the defendant has not infringed either of them. It follows that a separate consideration of the alleged infringement of these claims is unnecessary. The complainant has failed to establish the alleged infringement complained of, and its bill must be dismissed, for want of equity, at its cost, and it is so ordered.