## PARKER et al. v. MOORE.

(Circuit Court, D. South Carolina. October 22, 1901.)

1. CONTRACTS—PURCHASE OF COTTON FOR FUTURE DELIVERY—VALIDITY UNDER SOUTH CAROLINA STATUTE.

Rev. St. S. C. 1893, § 1859 et seq., declares void every contract for the sale of certain articles, including cotton, for future delivery, unless the party contracting to sell shall at the time be the owner of such article, or the owner's authorized agent, or unless it is the bona fide intention of both parties to the contract at the time of making the same that the said article shall be delivered and received in kind at the time for delivery specified. The statute also places the burden upon the plaintiff in any action based on such a contract to bring the case within its provisions, to be entitled to recover thereon. *Held*, that under such statute a broker who advanced margins for his principal to protect a purchase of cotton for future delivery on the New York Cotton Exchange could not recover the same from the principal, where the latter testified that it was not his intention at any time to receive or pay for the cotton, but to make a cash settlement in accordance with the difference between the market and contract price, notwithstanding the fact that under the rules and by-laws of the exchange, subject to which the defendant knew the contract to have been made, and to which he assented, actual delivery in kind, or acceptance and payment, could be enforced by either party. The statute goes behind the contract itself, and makes the actual intention of both parties that there should be a delivery and acceptance essential to its validity, and the right to enforce delivery is not inconsistent with an intention not to insist on such right.

2. FEDERAL COURTS—RULES OF EVIDENCE—STATE STATUTE.

Under the provisions of the conformity act (Rev. St. U. S. § 721), the rules of evidence of the courts of a state, established by statute or deci-

sion, become those of a United States court sitting therein, in actions at law.[1]

At Law. On entering order of nonsuit.

Duncan & Sanders and Cothran & Cothran, for plaintiffs.
Stanyarne Wilson and Heyward, Dean & Earle, for defendant.

SIMONTON, Circuit Judge. Counsel have requested that the court put in writing the reasons governing it in ordering a nonsuit in this case.

The plaintiffs are cotton brokers in the city of New York, both of them being members of the New York Cotton Exchange. The defendant, a small farmer in Spartanburg, S. C., employed them in the purchase of cotton futures for him. This relation began about a year before the first of the transactions which are the subject-matter of this suit, and during that period the defendant made money out of them. The transactions sued upon here resulted in a loss. It seems from the evidence that, when a person instructs his broker to buy or sell futures for him under the rules of the Cotton Exchange of New York, such purchases or sales must be made in the name of the broker making them, his principal not being disclosed. The purchases or sales are always made on putting up a certain sum of money as a margin, and that margin must be kept up to meet the fluctuation of the cotton market. Under the rule of the New York Cotton Exchange, the broker who made the transaction must protect the margin. He does so to protect his principal. Whenever the defendant gave his orders to plaintiffs, in executing them they notified him that they had done so, and that the whole transaction was governed by the rules and by-laws of the New York Cotton Exchange. He received every such notice in writing, and did not reply one way or another. He first put some money in their hands himself. This was exhausted, and plaintiffs repeatedly made margins good, notifying the defendant each time of this fact, and requesting repayment. When he failed to do this at their reiterated requests, they closed out the transactions, and now bring their action for recovery of these advances. There is no doubt that the money was advanced by plaintiffs for the use of defendant, and at his special instance and request; and under ordinary circumstances, ex æquo et bono, he should repay them. He sets up his defense that the money so advanced for him was used in a gaming transaction, and that under the law of South Carolina such a transaction is immoral, illegal, and void.

The statute law of South Carolina (Rev. St. 1893, § 1859 and those following) declares void every contract, bargain, or agreement, whether verbal or written, for the sale or transfer at any future time of certain articles enumerated, including cotton, unless the party contracting to sell or transfer the same at the time of making the contract be the owner thereof, or the authorized agent of such owner, or unless it is the bona fide intention of both parties to the contract at the time of making the same that the said article (in this

[1] Conformity of practice in common-law actions to practice of state courts, see note to O'Connell v. Reed, 5 C. C. A. 594.

case cotton) so agreed to be sold be actually delivered in kind to the party contracting to deliver, and be actually received in kind by the party contracting to receive, the same, at the period in the future specified in said contract. The next section (1860) provides that in any and all actions brought in any court to enforce such contract, or to collect any note or other evidence of indebtedness or any claim or demand whatever founded on such contract, the burden of proof shall be on the plaintiff to establish that at the time of making said contract the party making it was the owner of the goods agreed to be sold, or the duly-authorized agent of such owner, or that at the time of making the contract it was the bona fide intention of both parties thereto that the goods so agreed to be sold should be delivered by the one in kind, and be received in kind by the other. The plaintiffs, in a carefully prepared case, proved every step necessary to sustain their demand. As part of their proof they introduced the rules and by-laws of the New York Cotton Exchange, and sustained it with the testimony of expert witnesses, who explained the transactions under these rules. These rules expressly provide that a purchaser of cotton for future delivery can demand the delivery of the cotton in kind at the time fixed in the contract, and that the seller could tender and enforce the acceptance by the buyer of the cotton in kind, and, further, that all the contracts for future delivery of cotton made upon the floor of the New York Cotton Exchange are based upon the fact of an actual delivery, either to the original purchaser by the original seller, or to some mediate or intermediate purchaser of his contract. The plaintiffs having closed their case, the defendant took the stand in person. Under oath he declared that it never was his intention at any time, either at the date of his several contracts, or before or after such dates, to require or accept the delivery of the cotton in kind; that it was hopelessly impossible for him to do so, for want of means or opportunity; that it was his full intention not to receive the cotton, but to insist on the difference in cash if cotton went up beyond the price stipulated; and that he had done this in every instance in all previous transactions. He certainly did not intend to deliver the cotton if the price went against him. At this point counsel for defendant brought the South Carolina statute to the attention of the court. This declaration upon the part of the defendant seemed to decide the case. The court suo motu entered an order of nonsuit.

This statute of the state of South Carolina above referred to has been construed by the supreme court of that state in Harvey v. Doty, 54 S. C. 382, 32 S. E. 501. In that case, dealing with a contract for future delivery, the court held that when an agent contracts in good faith in his own name with other parties for the sale of property for future delivery, and there is a bona fide intention on the part of the agent and the other contracting parties at the time of making the contract to actually deliver on the one hand, and actually receive on the other, at the period mentioned in the contract, such agent cannot recover from his principal losses or advances made on such contracts, unless he can show that it was the bona fide intention of his principal at the time of the making of the contract to ac-

tually deliver or to receive the property so sold at the maturity of the contract. This statute determines the public policy of the state with regard to these future contracts. We cannot consult our own views of the wisdom or propriety of this policy. Our province is to learn and enforce it. Beyond that it is unnecessary and unwise to pursue our inquiry. Vidal v. Girard's Ex'rs, 2 How. 127, 11 L. Ed. 205; U. S. v. Trans-Missouri Freight Ass'n, 7 C. C. A. 15, 58 Fed. 69, 24 L. R. A. 73. We must apply the law of South Carolina. By that law a rule of public policy has been adopted under which contracts like this under discussion are condemned, except under certain conditions. These conditions must be enforced in this court.

There was a point strongly presented to the court, which greatly impressed itself. At the time the plaintiffs made each contract for the defendant and reported that fact to him, they gave formal notice in writing that it had been made under and subject to the rules and by-laws of the New York Cotton Exchange. The receipt of each notice was not denied. Upon such receipt, defendant did not reply, but his silence evidenced his assent. This, it was contended, estopped him from resorting to the defense now set up. But even under the rules of the New York Cotton Exchange, although the parties to the contract have the right the one to demand and the other to insist upon the acceptance of the subject-matter of the contract in kind, yet they may, without violation of this rule, forego this right, and intend not to exercise it, and to settle their difference in money. Besides this, the act goes behind the contract. Notwithstanding the contract, it makes the validity of the transaction depend on the bona fide intention of both parties. In the present case the defendant has sworn as to his intention,—that he at no time intended to deliver in kind; had no intention to deal in spot cotton, but speculated entirely on the profits of his contract. The counsel for the plaintiffs also insisted that all that this South Carolina statute effected was the adoption of a rule of evidence for the state of South Carolina, and for cases in her courts. But the courts of the United States, in actions at law, administer the rules of evidence as they find them in the courts of the state in which they are situate. Thompson v. Railroad Co., 6 Wall. 138, 18 L. Ed. 765. Section 721, Rev. St. U. S. (being the reproduction of section 34 of the judiciary act of 1789), has been uniformly construed as requiring the courts of the Union, in the trial of civil cases at common law, to observe as rules for decision the rules of evidence prescribed by the laws of the state in which such courts are held (Connecticut Mut. Life Ins. Co. v. Union Trust Co., 112 U. S. 254, 255, 5 Sup. Ct. 119, 28 L. Ed. 708); the only exception being cases provided for by the statutes of the United States (Potter v. Bank, 102 U. S. 165, 26 L. Ed. 111). See Vance v. Campbell, 1 Black, 430, 17 L. Ed. 168.

For these reasons, the nonsuit was ordered.