### LEONARD v. CORN PRODUCTS REFINING CO.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1916.)

#### No. 2367.

PATENTS ⟨⟩328—INFRINGEMENT—RUBBER SUBSTITUTE.

The Leonard patent, No. 615,863, for a rubber substitute and process of producing the same, consisting of heating together, until vulcanized, corn oil, sulphur, and paraffine in stated proportions, in view of the prior art, must be strictly construed, and limited to the product and process therein described and claimed. As so construed, *held* not infringed by a product containing no paraffine.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by William K. Leonard against the Corn Products Refining Company. Decree for defendant, and complainant appeals. Affirmed.

On December 13, 1898, appellant was granted a patent, No. 615,863, for the process of producing rubber substitute and in the composition matter to be used therefor. The two claims of the patent read as follows, viz.:

"1. A composition of matter to be used as a rubber substitute consisting of corn oil, sulphur, and paraffine, in the proportions as and for the purpose described.

"2. The above-described process of producing a rubber substitute by mixing corn oil, sulphur, and paraffine, in the proportions substantially of 76 per cent. of corn oil, 21 per cent. of sulphur, and 3 per cent. of paraffine, subjecting the mass to heat until the mass is vulcanized or the process of vulcanization begins, then shutting off the heat and allowing the process of vulcanization to continue and the mass to cool, substantially as and in the manner described."

---

The original application contained three claims. These read as follows:

"1. The above-described process of making a rubber substitute, which consists in mixing corn oil, sulphur, and a small quantity of paraffine, or its equivalent, and submit the mass to heat in the manner and for the purposes described.

"2. As an article of manufacture, a rubber substitute made of corn oil, sulphur, and paraffine, or its equivalent, heated to about 300 degrees Fahrenheit and then allowed to cool, substantially as and for the purpose described.

"3. The above-described process of producing a rubber substitute by mixing corn oil, sulphur, and paraffine in the proportions substantially of 76 per cent. of corn oil, 21 per cent. of sulphur, and 3 per cent. of paraffine, subjecting the mass to heat until the oil is vulcanized or the process of vulcanization begins, then shutting off the heat and allowing the process of vulcanization to continue until complete and the mass to cool, substantially as and in the manner described."

The examiner rejected claim 1 as containing no patentable matter, in view of the prior art, citing Simpson patent, No. 46,610, of February 28, 1865—the process of manufacturing india rubber, etc., from sulphur and linseed oil and other similar vegetable oils combined with gum. This rejection appellant acquiesced in. Original claim 2 was pronounced by the examiner to be in objectionable form, with the suggestion that appellant's invention resided in the particular composition of the matter described, and that the claim should be amended to cover such a composition, in which the several ingredients should be distinctly enumerated. Thereupon appellant substituted present claim 1 for original claim 2, having first at the requirement of the examiner stricken therefrom the words "or its equivalent," immediately following the word, "paraffine." The present claims were then allowed.

The specification calls for a process in which the patentee mixes in a heating pot a quantity of corn oil, some "flowers of sulphur" and a small quantity of paraffine wax, substantially in the proportion of corn oil 76 per cent., sulphur 21 per cent., and paraffine wax 3 per cent. The sulphur and paraffine should be added before the oil reaches 300°. "I have found in practice," reads the specification, "that the small quantity of paraffine wax used is better adapted to produce the desired result than any other like substance, though a substantially equally good result may be obtained by equivalent forms of wax, and I do not limit myself to paraffine alone for this purpose, the object being to prevent the mass from becoming sticky and impracticable to handle. With paraffine or equivalent substances used for that purpose, the rubber substance will not stick to the rolls when it is being ground or worked in practice."

The alleged infringement consists of a process in which only corn oil and sulphur, with heat, are used. The ingredient of the patented product used to prevent stickiness—paraffine—is omitted by appellee. Talcum is however used, but not as an ingredient. It is merely sprinkled upon the receptacles holding the product.

In 1899 appellant was given access to the factory of appellee's predecessor, to ascertain appellee's methods of manufacturing its rubber substitute. Appellant took no step to restrain appellee until about the time this suit was begun, in January, 1911, or 12 years after learning appellee's process. In the meantime the alleged infringer had transferred its rights to the Corn Products Company and the latter to the appellee. All these companies manufactured the rubber substitute from corn oil extensively, without protest from appellant.

Appellee contends that: (1) The patent is invalid for want of invention. (2) That no infringement is shown. (3) That the appellant was guilty of such laches as to bar any right to an accounting, even if infringement be shown.

The District Court dismissed the bill for want of equity.

Charles K. Offield, of Chicago, Ill., for appellant.
Percival H. Truman, of Chicago, Ill., for appellee.

Before KOHLSAAT, MACK, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). It is conceded that the manufacture of substitute rubber from vegetable oil and sulphur, subjected in combination to high temperature, was old in the art. Linseed oil, rape seed oil, mustard seed oil, peanut oil, castor oil, cocoanut oil, cotton seed oil, olive oil, and many other vegetable oils had been successfully employed as an ingredient in making a substitute for true rubber, long prior to the date of appellant's discovery of the availability of corn oil for that purpose. The latter has no distinctive properties over other vegetable oils as an element of the combination with sulphur for the manufacture of rubber substitute. It is, however, readily obtainable and well adapted to such manufacture.

An examination of the files in the Patent Office, as set forth in the statement of facts, forces us to the conclusion that the patent to appellant was allowed only as a very limited one. It covered a process wherein three ingredients were used in certain fixed proportions. McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Vance v. Campbell, 1 Black. 427, 17 L. Ed. 168.

Appellant insists that the paraffine plays no part in the manufacture of the rubber substitute, and should be ignored in construing his patent in this suit. We think otherwise. Without it no patent would have been issued.

Appellant having claimed corn oil, sulphur, and paraffine specifically, and appellee not having used the three elements in combination, there was no infringement.

We deem it unnecessary to consider the other questions raised in the record.

The decree of the District Court is affirmed.