**Q-TIPS, Inc., v. JOHNSON &
JOHNSON (two cases).
Nos. 11004, 11005.**

United States Court of Appeals
Third Circuit.

Argued May 8, 1953.

Decided Oct. 20, 1953.

Rehearing Denied Nov. 13, 1953.

See also 206 F.2d 144.

W. Brown Morton, Jr., New York City
(Pennie, Edmonds, Morton, Barrows &
Taylor, W. Brown Morton, Stanton T.
Lawrence, Jr., New York City, on the
brief), for Q-Tips, Inc.

Stewart W. Richards, New York City
(Kenneth Perry, Arnold S. Worfolk,
Herbert E. Bailey, Norman St. Landau,
New Brunswick, N. J., on the brief), for
Johnson & Johnson.

Before GOODRICH, McLAUGHLIN
and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

These appeals relate to the plaintiff's
patent, No. 1,921,604 [1] which, briefly

---

[1]. This patent has expired since the commencement of these proceedings.

stated, is an apparatus for automatically manufacturing medical swabs, i. e., sticks with wads of cotton on one or both ends. The plaintiff charged infringement, and put in issue Claims 1 to 10, inclusive, 16, 21, 22 and 23 of the patent. In addition to asserting invalidity and non-infringement, the defendant, by way of defense and counterclaim, raised issues of misuse, unfair competition and illegal restraint.

The District Court held that, of the claims put in issue, 9, 10 and 21 were valid, but that these were not infringed. The plaintiff does not now raise an issue as to the latter holding. The District Court further held that the other claims in issue were invalid. From this judgment the plaintiff appeals at our No. 11,004.

The District Court also held that the defendant's charges of violation of the anti-trust laws and other unlawful activities failed. 1952, 108 F.Supp. 845. From this judgment the defendant cross-appealed at our No. 11,005.

We see no necessity for repeating at length the description of the claims in issue, and we rely upon the clear and accurate exposition by the District Court. The plaintiff restricts its appeal to an issue of law, whether on the facts as found, the District Court erred in its conclusion of law with respect to the validity of the combination claims (Claims 1 to 8 inclusive, 16, 22 and 23.)[2]

The device in controversy (hereinafter called the "Bunnell" machine, Bunnell being one of the patentees), consists of (1) a stick feeding and twirling mechanism; (2) a cotton feeding and breaking mechanism; and (3) a mechanism transferring the cotton wad so broken off to the ends of the twirling stick. The Bunnell machine permits the manufacture of cotton swabs at a more rapid rate than had been possible before, without human hands touching the swabs, and with but one person to tend the three mechanisms. It is, in short, a completely automatic machine for the manufacture of cotton tipped applicators.

The first of these mechanisms was the subject of a patent (No. 1,721,815) granted in 1929 to one Gerstenzang. This mechanism supplied sticks from a hopper and twirled the sticks so that a human being could apply a wad of cotton at each of the exposed ends of the twirling stick. The Bunnell machine incorporates the Gerstenzang machine virtually without change.

The second and third mechanisms were the inventions of the Bunnell patentees: the second consists of a cotton feed and jaws which grip and break off wads of cotton; the third consists of metal fingers which receive the cotton wads and move in such a way as to apply the wads to the ends of the twirling sticks and form them into cotton swabs in a manner closely simulating the action of human fingers. Claim 9 describes the cotton feeding and breaking mechanism; Claims 10 and 21 describe the cotton feeding and breaking mechanism and the wad transfer mechanism. These are the three claims which the District Court held valid, but not infringed by the defendant's mechanism. In each of the claims held invalid the Gerstenzang mechanism was claimed in combination with the cotton feeding and breaking mechanism and the wad transfer mechanism.

Based upon Lincoln Eng. Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 549, 550, 58 S.Ct. 662, 82 L.Ed. 1008, the District Court held invalid "all those claims of the patent in suit which attempt to include within their scope the stick carrying and stick twirling mechanism covered by the Gerstenzang patent 1,721,815 which expired on July 23, 1946." [108 F.Supp. 856] The District Court further found that the Gerstenzang mechanism performed "no new or different function or operation by virtue of being united with the cotton feeding and breaking mechanism and the wad

---

2. Plaintiff's brief, p. 3.

transfer mechanism. Its patent having expired, the public may employ the ideas it embodies, and may not be prevented from so doing by its being patented along with improvements as a combination patent." Accordingly, Claims 1 to 8, inclusive, 16, 22 and 23 were held invalid for claiming too much.

As we earlier noted the plaintiff does not now raise an issue as to the ruling of the District Court that Claims 9, 10 and 21 were valid but not infringed. Assuming[3] the validity of the plaintiff's combination claims (1 to 8 inclusive, 16, 22 and 23), it is our view that, based upon findings and conclusions of the District Court unchallenged by the plaintiff, the claims are not infringed.

■ In a combination patent, every element claimed is deemed essential, and the patentee will not be heard to assert its immateriality. Vance v. Campbell, 1862, 1 Black. 427, 66 U.S. 427, 17 L.Ed. 168; Fay v. Cordesman, 1883, 109 U.S. 408, 420, 3 S.Ct. 236, 27 L.Ed. 979. The tests are of infringement phrased in terms of identity of function and performance of the function. Graver Tank & Mfg. Co. v. Linde Air Products Co., 1950, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097.

■ In the instant case, the District Court did not expressly pass upon the question of infringement of the combination claims. The District Court found that both plaintiff's and defendant's combinations incorporated the Gerstenzang device. However, the Court did pass upon the issue of the infringement of the new element claims (9, 10 and 21), relating to wad forming, transferring and shaping device of the Bunnell patent. The Court was persuaded, on the basis of its examination of the machines, of the patents, and on the testimony given at the trial, that the wad forming, transferring and shaping device of the plaintiff's patent, the only part of the Bunnell patent which it had held valid, was not infringed by the defendant's device, which was substantially different and performed in a substantially different manner. We must take this as a holding that the accused device did not incorporate in its structure and operation the substance or equivalent of the plaintiff's patent, else to the extent it was only an improvement, the District Court could not have concluded against infringement. 3 Walker on Patents (Deller's Ed.1937) § 459.

This holding must stand, for we consider it adequately supported in the record. Graver Tank & Mfg. Co. v. Linde Air Products Co., supra. And this being the case, we find no utility in remanding to the District Court for a determination of the issue of infringement of the combination claims.

■ The fact that the end result of both combinations was the same, i. e., the automatic production of cotton-tipped swabs is not a sufficient basis upon which to rest a conclusion of infringement. 3 Walker on Patents (Deller's Ed.1937) § 469. It follows that if defendant did not use in combination with the Gerstenzang mechanism a mechanism which was the equivalent in function or operation of the plaintiff's wad forming, transferring and shaping mechanism, there was no infringement of plaintiff's combination.

Since the patent has expired no injunctive relief may be granted to the plaintiff and since we have found there is no infringement of the combination claims, there can be no accounting in favor of the plaintiff or damages awarded to it.

Finally, with respect to defendant's assertion by way of defense and counterclaim, of plaintiff's unclean hands and monopolistic conduct, we conclude that

---

**3.** Since the patent in issue has expired, the greater public importance, which prefers determination of validity, Sinclair & Carroll Co., Inc., v. Interchemical Corp., 1945, 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644; Cover v. Schwartz, 2 Cir., 1943, 133 F.2d 541, 545, does not persist, and validity here is of primary concern only to the parties.

as to the facts, the record supports the findings of the District Court; as to the law, we agree with its determination.

For the reasons stated, the first paragraph of the judgment of the District Court will be modified as herein indicated, and as so modified, will be affirmed; each party to bear its own costs.