Mr. Justice NELSON
 

 delivered the .opinion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the northern district of New York. '
 

 The suit was brought by McCormick against Seymour and Morgan, for the infringement of a patent for improvements in a reaping machine granted to the plaintiff on the 31st June, 1845. The improvements claimed to be infringed were — 1st, a contrivance or combination of certain parts of the machinery described, for dividing the cut from the uncut grain; and 2d, the arrangement of the reel-post in the manner described, so as to support the reel without interfering with the cutting instrument.
 

 In the course of the trial, a question arose upon the true construction of the second claim in the patent, which is as follows: “I claim the reversed angle of the teeth of the blade in manner described.” This claim was not one of the issues in controversy, as no allegation of infringement was set forth in the declaration. But it was insisted, on the part of the defendants, that the claim or improvement was not new, but had
 
 *106
 
 before been discovered and in public use; and that, under the ninth section of the act of Congress passed March 3,1837, the plaintiff was not entitled .to recoyer cost, for want of a disclaimer of the claim before suit brought; and that, if he had unreasonably neglected or delayed making the disclaimer, he was not entitled to recover at all in the case.
 

 The ground upon which the defendants insisted this claim was not new, was, that it claimed simply the reversed angle of the teeth of the blade or cutters. The court below were of opinion, that, reading the claim with Reference to the specification in which the instrument was described, it was intended to claim the reversed angle of the teeth in connection with the spear-shaped fingers arranged for the purpose of securing the grain in the operation of the cutting — the novelty of which was not denied.
 

 The majority of the court are of opinion, that this construction of the claim cannot be maintained, and that it is simply for the reversed angle of the cutters; and that there is error, therefore; in the judgment, in allowing the plaintiff costs.
 

 In respect to the question of unreasonable delay in making the disclaimer, as going to the whole cause of action, the court are of opinion that the'granting of the patent for this improvement, together with the opinion of the court below maintaining its validity, repel any inference of unreasonable delay in correcting the claim; and thatj under the circumstances, the question is one of law. ' This was decided in the case of the Telegraph, (15 How., 121.) The chief justice, in delivering the opinion of the court, observed that “the delay in entering it (the disclaimer) is not unreasonable, for the objectionable claim was sanctioned by the head of the office; it has been held to be valid by a circuit court, and differences of opinion in relation to it are found to exist among the justices of this court. Under such circumstances, the patentee had a right to insist upon it, and not disclaim it until the highest court to which it could be carried had pronounced its judgment.” .
 

 Several other questions were raised in the case, which have been attentively considered by the cour%- and have been overruled, but which it cannot be important to notice at large, with one exception, which bears upon the fifteenth section of the patent act of 1836.
 

 Bell’s reaping machine was given in evidence, in pursuance of a notice under this section, with a view to disprove the novelty of one of the plaintiff’s improvements; a description of it was read from “Loudon’s Encyclopaedia of Agriculture,” published in London, England, in 1831. In addition to the description of the machine, it appeared in the work that the
 
 *107
 
 reaper bad been partially successful in September, 1828, and 1829.
 

 . It also appeared, from tbe evidence of Mr. Hussey, tbat be saw it in successful operation in tbe harvest of 1853.
 

 Tbe court was requested, oñ tbe trial, to instruct tbe jury, tbat from tbe facts tbat Bell’s maebine operated successfully in 11829 and in 1853, they were at liberty to infer tbat it bad operated successfully in tbe intermediate period, wbicb was refused. Without stating other grounds to justify tbe ruling, it is sufficient to say, tbat tbe only authority for admitting tbe book in evidence, is tbe fifteenth section of tbe act above mentioned. That section provides, tbat tbe defendant may plead tbe general issue, and give notice in writing, among other things,, to defeat the patent, “tbat it (tbe improvement) bad been described in some public work anterior to tbe supposed discovery thereof by tbe patentee.” Tbe work is no evidence of tbe facts relied on for the purpose of laying a foundation for tbe inference of tbe jury, sought be obtained.
 

 Tbe judgment of tbe court below is affirmed, with- tbe qualification, tbat on tbe case being remitted to tbe court below, tbe taxation of costs be stricken from tbe record.
 

 Mr. Justice GRIER dissented.
 

 Order.
 

 This cause came on to be beard on tbe transcript of tbe record, from tbe Circuit Court of tbe United States for tbe northern district of New York, and was argued by counsel; on consideration whereof, it is now here ordered and adjudged by • this court, tbat tbe judgment of tbe said Circuit Court m this cause, excepting tbat part embracing tbe taxation of costs in tbe Circuit Court, be and tbe same is hereby affirmed with costs.' And it is further ordered and adjudged by this court, tbat this cause be and tbe same is hereby remanded to tbe said Circuit Court, with directions to strike from tbe record tbe taxation of costs in this cause.