### Mathews and others *v.* Flower and others.

*(Circuit Court, E. D. Michigan.* · October 26, 1885.)

1. PATENTS—IMPROVEMENT.
    A patent cannot be issued to an inventor for anything which is either claimed or described in a former patent issued to himself, but he may patent an improvement thereon.
2. SAME—VOID—REISSUE.
    Where a patent is declared void because too broad, the defect may be corrected by a reissue.
3. SAME—APPLICATION—REJECTION—RES ADJUDICATA.
    Where the commissioner of patents has rejected an application for a re-issue, on a reference to a prior patent, because it covered a different invention from that disclosed in the original·invention, this, though reversed, will not operate as an estoppel, because *res adjudicata,* upon the parties in a judicial proceeding under the patent afterwards reissued.

In Equity.

*George L. Roberts,* for plaintiffs.

*Edward J. Hill,* for defendants.

BROWN, J. It is scarcely necessary to say that this case ought not to be embarrassed by a reconsideration of the questions involved in *Flower* v. *Detroit,* 22 Fed. Rep. 292. That was a bill by the present defendants against a corporation which was making use of hydrants claimed to be protected by plaintiffs' patent; and the case turned upon the validity of a patent issued to·Thomas R. Bailey, March 14, 1876, (reissue No. 6,990,) which had been purchased by the defendants. The several points raised upon the argument of this case were considered with great care, and we see no reason for revising our rulings. We proceed to take up the several pleas in their order.

1. That in 1858 Mathews and Race procured patent No. 19,206, and afterwards and in 1872 Mathews, as the assignee of such patent, procured a reissue of the same, (No. 4,887,) and to procure such reissue stated that the invention consisted in a loose case or jacket around the body of the hydrant, by which Mathews, as far as he could do, secured to himself a grant for the said invention, which is the same invention as that described in the letters patent sued upon, so that it results that the said Mathews is estopped from claiming any rights or·equities in any way to said invention. If it were true that complainants had previously obtained a patent for the same invention secured. to them by the patent in suit, and that this prior patent had expired, it would doubtless be a complete answer to this bill, since a man cannot have two patents for the same invention. *James* v. *Campbell,* 104 U. S. 356; *Suffolk Co.* v. *Hayden,* 3 Wall. 315; *Morris* v. *Huntington,* 1 Paine, 348. And this disability extends, not only to what is *claimed* in the first patent, but to that which is *described* therein as the patentee's invention. If a man cannot have a patent for what another has claimed or described in a prior patent, much less can he have one for what he himself has claimed or described;

for he thus shows that he has anticipated himself. *James* v. *Campbell*, 104 U. S. 356, 382. The question, then, is whether, in their reissue No. 4,887, Race and Mathews actually claimed or described the invention subsequently secured to them by the patent in suit. In this prior patent the invention is said to consist—*First*, in the employment of a loose case or jacket around the body of the hydrant, whereby both the hydrant and the case, or the hydrant alone, may be detached, and removed or withdrawn, as hereinafter set forth. The drawing, however, shows this loose case or jacket to be surrounded at its upper end by an elbow projecting from the superterrene portion of the hydrant, so that, while it permits the hydrant to be withdrawn without disturbing the case, it does not obviate the danger of breakage to the hydrant by the elevation of the case through the action of the frost. The claim, too, is for a protecting case or jacket, E, surrounding the body of the hydrant, and forming a separate and removable part from the elbow, D, substantially as and for the purpose set forth.

The invention described in reissue No. 10,452 is said to consist in an improvement upon this patent, "in which the distinguishing feature is a detached case or jacket surrounding the hydrant-stock and imbedded in the ground, but more specifically in combining a case or jacket with the hydrant-stock; the said jacket being loosely fitted to said hydrant-stock, *and adapted to have end-play to compensate for the heaving by frost*, sliding both at top and bottom, and keeping a dead-air space between said hydrant-stock and jacket; further, in so forming and connecting the loose case or jacket above specified, that it extends above the surface of the ground, and conforms to the general outline of the hydrant itself, and may be driven back to place upon the elbow at the bottom when the frost has expended its force."

The claim is for (1) "the detached case or jacket, B, combined with a hydrant *to have end-play or vertical motion, to compensate for heaving by frost;* the said case, B, forming a comparatively close sliding joint with the hydrant both at top and bottom, the upper part of same passing outside of the main stock of the hydrant, so that any change in its position can be easily ascertained, and the case driven back to its place without disturbing the hydrant."

The object of the first patent was a secure a loose case or jacket around the hydrant, so that the hydrant might be withdrawn without disturbing the case. The improvement consisted in so connecting the case with the hydrant that the upheaval of the case a few inches by the frost would not injure or break the hydrant. Unless a person who patents a new article or device is thereafter estopped from patenting an improvement upon such article or device, there is no estoppel in this case.

2. That patent No. 96,959, the original of the reissue in suit, has been declared void by the supreme court in the case of *Mathews* v. *Machine Co.*, and consequently the complainants had no patent to

amend when they applied for this reissue, and the same is void. It is true that the opinion of the supreme court was that this patent could not be sustained because the claim was too broad; but such are precisely the patents which, by Rev. St. § 4916, the commissioner is authorized to reissue; that is, in the language of the act: "When-, ever any patent is * * * invalid * * * by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new." If defendants' proposition were sound, the whole provision with respect to reissues would be nullified. The case of *Jones* v. *McMurray,* 2 Hughes, 527, is not controlling. In that case the supreme court had declared the whole invention disclosed in the original patent void for want of novelty, and not merely invalid for want of a proper specification and claim, as in this case.

3. If the third plea be not a substantial repetition of the first, in somewhat different language, we are unable to understand it, and it is therefore overruled.

4. That after the filing of the application for the original patent in this case, October 29, 1868, it was rejected on reference to the prior patent of Bailey of March 10, 1868, which covered and anticipated all the alleged claims of Race and Mathews; that this decision has never been reversed or modified, and therefore is an adjudication and estoppel of record. The answer to this is that this action was superseded by the actual issue of patent No. 96,959 to Race and Mathews. We do not understand there is anything in the action of the commissioner in rejecting an application which operates as an estoppel or as *res adjudicata* upon the parties in this court. Unless it be a good defense to a patent that the application for it was once rejected, this is not a good plea.

5. That Race and Mathews were duly notified that the patent to Bailey anticipated all the claims to the loose casing described in their application of October, 1868, and that on receiving such notice Mathews says, in his deposition on file in the case of *Flower* v. *Detroit,* that he thereupon called upon Bailey, and asked him to disclaim the same in favor of Race and Mathews because they were the inventors of it, and that Bailey refused to do so, wherefore the complainants are estopped, etc. It is impossible for us to see how Mathews' assertion of a claim of right as against Bailey, and his request to Bailey to withdraw in his favor, could estop him from setting up the priority of his invention when that was the very claim he made when he requested Bailey to withdraw. It is not alleged that Bailey was deceived in any way, or that he took any action upon the faith of Mathews' request, which would make it bad faith in the latter to deny the validity of his patent.

6. That Race and Mathews, prior to 1872, applied for a reissue of No. 19,206, and therein claimed the same invention claimed in reissue No. 10,452, and to that end made oath that they made said invention prior to October 29, 1857, and thereupon obtained reissue

No. 4,887, relating back to the date of the original patent in 1858, which thus gave them their prior patent for said invention described in No. 10,452. This is practically the same as the first plea. The fact is that Race and Mathews, in their application for patent No. 19,206 did not claim the same invention claimed in the reissue now in suit.

7. That, after filing their application for the reissue of patent No. 96,959, a decision was made by the patent-office holding that the claims covered an invention different from that set forth in the original patent, "and they are therefore objected to on the ground that they are based on new matter," which decision has never been reversed nor superseded, but operates as an adjudication and estoppel of record. This plea is objectionable upon the same ground that the fourth plea was held to be bad. Whatever action adverse to the plaintiff was taken in the patent-office was superseded by the actual reissue of the patent, and it is for the court to determine whether such reissue is good or bad by a comparison of the same with the original patent.

. 8. That an appeal has been taken from the decree of this court dismissing the bill in the case of *Flower* v. *Detroit*, and a *supersedeas* bond filed, whereby the plaintiffs are estopped from claiming any benefit or advantage from said decree. Assuming that the appeal to the supreme court in the case of *Flower* v. *Detroit* vacated the decree of this court, and prevents complainants from claiming any rights by virtue thereof, of which there is considerable doubt, (Freem. Judg. §§ 328, 433,) it certainly does not estop them from prosecuting a suit upon their own patent, the validity of which was not necessarily involved, and was not passed upon, in that case. The decision of this court turned entirely upon the validity of the Bailey patent.

9. This plea is similar to the first, and is bad for the same reason.

10. This plea claims that plaintiff is estopped by certain admissions of Mathews in giving testimony in the *Detroit Case*. We do not understand how this could operate as an estoppel. The remainder of the plea seems to be a substantial repetition of the others that have already been disposed of.

11. This plea is also a repetition, in substance, of the first, and therefore bad for the same reason.

We have found considerable difficulty in getting at the substance of some of these pleas; but, upon the best consideration we have been able to give them, we have come to the conclusion that none of them are a bar to the plaintiffs' bill. The reissue in this case is not open to the usual objection that the patentee has thereby sought to secure an expansion of his original claims, since the claim is actually narrower than that of the original. In the case of *Mathews* v. *Machine Co.*, 105 U. S. 54, the court construed the original claim as covering any and every loose jacket having an end-play to compensate for the heaving of the frost, and having the upper end passing around the hydrant. It was intimated, however, that if this pat-

ent had been confined to a hydrant jacket closed at the bottom, and resting on a flange of the main elbow, it might, perhaps, have been sustainable; but it was held not to be so confined by reason of the patentee's stating only that the lower end *preferably* shuts into a flange of the elbow. To secure the benefit of this suggestion of the court, the reissue was applied for and obtained. As heretofore observed in discussing the second plea, the case seems to be one where, under the express language of the statute, a disclaimer might be permitted. *Mahn* v. *Harwood*, 112 U. S. 354, 360, 362; S. C. 5 Sup. Ct. Rep. 174. We think there was no unnecessary delay in making this disclaimer. The construction of the original claim was doubtful; and we think that the patentee was not called upon to correct it until its meaning had been settled by the decision of the supreme court. Walk. Pat. § 521; *O'Reilly* v. *Morse*, 15 How. 62, 121; *Seymour* v. *McCormick*, 19 How. 96, 106; *Silsby* v. *Foote*, 20 How. 378, 387.

There is no question about the infringement in this case. Defendants are shown to be manufacturing under the Bailey patent, and the two hydrants are identical with respect to the patented features. We do not think that the waste-water spout attached to the bottom of the case in the early hydrants manufactured by the Niagara Manufacturing Company would prevent the case from operating to compensate for the heaving of the earth by frost, or that its discontinuance makes any substantial change in the action of the casing. Indeed, it would seem to offer much less resistance to the upward movement of the casing than the flange around the bottom of the Bailey casing, which never seems to have occurred to the patentee as an obstacle to its successful working. To prevent the hydrant from freezing at its junction with the water-main, it must be long enough to reach below the frost-line. At this point, then, the earth would be sufficiently yielding to permit the slight upward movement occasioned by the action of the frost upon the upper portion of the casing.

The question of priority of invention as between plaintiffs and Bailey was presented as a prominent feature in the *Detroit Case*, but was not passed upon, as the case was disposed of upon other grounds; nor is it in issue here, as there is no stipulation that the testimony in that case may be considered upon this motion.

This disposes of all the objections to the bill, and an order will be entered granting an injunction as therein prayed.