PLECKER v. POORMAN.

(Circuit Court, S. D. Ohio, W. D. April 3, 1905.)

No. 5,556.

PATENTS—INFRINGEMENT—MACHINE FOR SHAPING SHEET METAL PIPES.

The Carr patent, No. 402,140, for a machine for shaping sheet metal pipes, is limited by the action of the Patent Office, in which the patentee acquiesced, to the specific construction of frame described. As so limited, *held* not infringed.

In Equity. Suit to enjoin an alleged infringement of letters patent No. 402,140, issued to James A. Carr for a machine for shaping sheet metal pipes, and which was assigned by Carr to William J. Plecker.

THOMPSON, District Judge. The claim of the patent reads as follows:

"The combination, in a pipe-shaping machine, of open top and bottom bolting-pieces, AA,' roll-carrier D, shaping-rolls C, stationary mandrel F, and suitable mechanism for operating the same, for the purpose shown and described."

Various defenses are set up in the answer, but it is only necessary to consider the question of infringement. The claim made in the original application for this patent reads as follows:

"The combination of a stationary mandrel D with a traveling frame for rollers, having suitable mechanism for operating the same, substantially for the purpose shown and described."

This claim was rejected by the Patent Office; that office holding that the applicant should be "confined to the specific construction of frame" which he had invented. This ruling was acquiesced in by the applicant who amended his claim in conformity therewith, and the complainant, therefore, is now estopped from having the benefit of the broad terms of the rejected claim. Thomas v. Rocker Spring Co., 77 Fed. 420, 23 C. C. A. 211.

The machine of the Carr patent, when confined to the specific construction described in the claim, is not infringed by the defendant's machine, and the bill, therefore, will be dismissed.