RAWSON & MORRISON MFG. CO. v. C. W. HUNT CO.

(Circuit Court of Appeals. Second Circuit. June 16, 1906.)

No. 270.

PATENTS—UNAUTHORIZED REISSUE—EFFECT ON VALIDITY OF OLD CLAIMS REPEATED.

Where the drawings and descriptions of a reissue patent are identical with those of the original, the validity of claims of the original, which are repeated and separately stated in the reissue, is not affected by the invalidity of other claims, nor by the fact that the reissue itself was unauthorized.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 220–222.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal by complainant from a decree dismissing on demurrer bill for infringement of reissue patent No. 12,085, granted to Almon E. Norris, assignor to complainant, February 24, 1903, for clutch mechanism. The opinion of the court below is reported in 140 Fed. 716.

C. S. Jones, for appellant.

A. M. Austin, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The bill was demurred to on the ground that the reissued patent was void, because it appeared from the averments of the bill that there was no inadvertence, accident, or mistake in the omissions from the original patent which were inserted in the reissued patent, because the application for the reissue was unreasonably delayed without adequate excuse, because the Commissioner of Patents had no jurisdiction to grant the reissue, and because, therefore, the bill did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, dismissed the bill, and ordered final judgment in favor of the defendant.

It is unnecessary to consider the questions raised by the demurrer or discussed in the opinion of the court below for the following reasons: The drawings and descriptions of the two patents are identical; as are all the original four claims, except the first, which, in the reissue, is broadened. The scope of the original patent is further broadened by the addition of seven new claims in the reissue. The bill alleges infringement of all the claims of the reissued patent, and the demurrer attacks the validity of the reissued patent as a whole. We are of the opinion that the validity of the claims in the reissue which were identical with those in the original patent are not affected thereby. Mr. Walker, in his work on Patents, says as follows:

"Sec. 249. Where some, but not all, of the claims of a reissue patent are void because they are obnoxious to the doctrine of Miller v. Brass Co. [104 U. S. 350, 26 L. Ed. 783], or because they are not for the same invention as the original, that fact does not vitiate the other claims of that patent. The reissue will, in either of those cases, have whatever validity it would have had if it had not contained the invalid claims, provided there is no unreasonable delay to file a proper disclaimer of them.

"Sec. 201. Reissue patents, as well as original patents, are entitled to the benefits of the law relevant to disclaimers; and that too, even where the matter disclaimed was not claimed in the original, but only in a reissue granted upon its surrender."

In Gage v. Herring, 107 U. S. 640, 2 Sup. Ct. 819, 27 L. Ed. 601, the court says as follows:

"The invalidity of the new claim in the reissue does not indeed impair the validity of the original claim which is repeated and separately stated in the reissued patent. Under the provisions of the patent act, whenever through inadvertence, accident. or mistake, and without any willful default or intent to defraud or mislead the public, a patentee in his specification has claimed more than that of which he was the original and first inventor or discoverer, his patent is valid for all that part which is truly and justly his own, provided the same is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right; and the patentee, upon seasonably recording in the Patent Office a disclaimer in writing of the parts which he did not invent, or to which he has no valid claim, may maintain a suit upon that part which he is entitled to hold, although in a suit brought before the disclaimer he cannot recover costs. Rev. St. §§ 4917, 4922 [U. S. Comp. St. 1901, pp. 3393, 3396];

O'Reilly v. Morse, 15 How. 62, 120, 121, 14 L. Ed. 601; Vance v. Campbell, 1 Black. 427, 17 L. Ed. 168. A reissued patent is within the letter and the spirit of these provisions.

"The decree of the Circuit Court proceeds upon the ground that the first or new claim of the reissue has been infringed; but the plaintiffs' bill is not so restricted, and alleges generally that the defendants have infringed the reissued patent. If the defendants have infringed the second, or old, claim, the plaintiffs, upon filing a disclaimer of the new one, are entitled to a decree, without costs, for the infringement of the old and valid claim. Considering that the question of the validity of the new claim in the reissue is a question of law upon the face of the patent, and that its validity has been sanctioned by the Commissioner of Patents in granting the reissue and upheld by the Circuit Court, there has been no unreasonable delay in entering a disclaimer; for the plaintiffs were not bound to disclaim until after a judgment of this court upon the question. O'Reilly v. Morse, above cited; Seymour v. McCormick, 19 How. 96, 15 L. Ed. 557."

See, also, Yale Lock Manufacturing Co. v. Sargent, 117 U. S. 536, 6 Sup. Ct. 934, 29 L. Ed. 954; Leggett v. Standard Oil Co., 149 U. S. 287, 13 Sup. Ct. 902, 37 L. Ed. 737; International Terra Cotta Lumber Co. v. Maurer (C. C.) 44 Fed. 618.

It does not appear that this point was brought to the attention of the court below, it was not discussed in the briefs or argument in this court, and it is only very generally covered, if at all, by the assignments of error; but, inasmuch as the whole record is before us for review on demurrer, the question is presented by the comparison of the original and reissued patents.

The decree of the court below is reversed, and the cause is remanded to the court below, with instructions to overrule the demurrer, with costs, and with leave to defendant to answer.