## ENSTEN v. RICH-SAMPLINER CO. et al.

(District Court, N. D. Ohio, E. D.   April 5, 1926.)

### No. 1704.

1. Patents ⊕156—Patentee, as condition precedent to preliminary injunction restraining infringement of claims held valid, is not required to disclaim as to claims held invalid, thereby cutting off right to review.

After interlocutory decree holding part only of claims in suit valid, patentee is not required, as a condition precedent to his right to preliminary injunction restraining infringement of claims held valid, to file disclaimer as to claims held invalid, thereby cutting off his right to review the part of the decree adverse to him.

2. Patents ⊕156—Failure of patentee to file disclaimer of claim in patent held invalid, or to appeal from interlocutory decree, held to bar subsequent suit by him (Rev. St. §§ 4917, 4922 [Comp. St. §§ 9462, 9468]).

Under Rev. St. §§ 4917, 4922 (Comp. St. §§ 9462, 9468), failure of patentee to appeal from interlocutory decree holding particular claim invalid, or to file disclaimer, until approximately two years later, held to bar a subsequent suit on patent, though patentee intended appeal from final decree when entered.

3. Patents ⊕156.

Under Rev. St. §§ 4917, 4922 (Comp. St. §§ 9462, 9468), patentee's mere knowledge of invalidating prior art does not put on him duty of disclaiming, if he might in good faith regard his patent as valid.

4. Patents ⊕312(1).

Under Rev. St. §§ 4917, 4922 (Comp. St. §§ 9462, 9468), patentee has burden of explaining delay in filing disclaimer of claims held invalid.

In Equity. Patent infringement suit by Louis H. Ensten, to the use of the Lion Knitting Mills Company, against the Rich-Sampliner Company and others. On defendants' motion to dismiss. Motion granted.

Harold Elno Smith, of Cleveland, Ohio, for plaintiff.

Albert Lynn Lawrence, of Clevland, Ohio, for defendants.

WESTENHAVER, District Judge. This suit is based on United States letters patent 1,303,080, issued August 12, 1919, to Louis H. Ensten. Claims 1, 3, 4, and 5 are declared on.

This is the same patent as was involved in equity case 573, Ensten v. Rich-Sampliner Co. In that suit it was held that claims 1, 3, 4, and 5 were valid, and that claim 2 was invalid, and on May 24, 1922, an interlocutory decree was entered, awarding a preliminary injunction and ordering an accounting of profits and damages on the claims held valid, and denied as to claim 2, held invalid. An appeal was taken by defendant, and none by plaintiff, resulting in an affirmance in all respects of the decree of the District Court, June 30, 1923. An application of appellant for a rehearing was denied October 4, 1923. See (C. C. A.) 291 F. 1003. The present suit asserts a right to recover for an infringement alleged in the bill not to be within the issues heard and decided in this prior litigation.

Defendants move to dismiss the bill on the ground that the patentee has unreasonably neglected and delayed to file his disclaimer as to claim 2, held invalid because too broad and including more than that of which he, the patentee, was the original or first inventor or discoverer. A disclaimer was not filed until April 30, 1924. Upon an intimation from the court that this motion might present an issue of fact to be decided upon evidence, the parties have stipulated the facts, and have submitted the questions arising on the motion for final decision. The facts so stipulated consist of the full record in equity case 573, including Ensten's answers to interrogatories filed February 2, 1925, agreed statement of facts filed April 24, 1925, and a certified copy of his disclaimer as to claim 2, filed in the Patent Office April 30, 1924, and filed herein June 30, 1925. As stated in substance in plaintiff's brief filed February 20, 1926, this presents the questions of law and fact to be determined, as if the motion to dismiss were in fact an answer, and this specific issue had been called up for hearing separately, under equity rule 26. Both parties express a desire to have these questions decided without regard to forms of procedure.

The controlling questions of law involve the force and effect of sections 4917 and 4922, R. S. (Comp. St. §§ 9462, 9468). The first section provides in substance that whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, he may be permitted to make disclaimer of such parts of the thing patented as he shall not choose to claim or hold by virtue of his patent. This disclaimer may be filed, not only by the patentee, but by any one having an interest in the patent. The other section permits the patentee to maintain a suit on his patent, notwithstanding the fact that he has through inadvertence, accident, or mistake, and without any willful default or intention to mislead the public, claimed any material or substantial part as an invention of which he was not the original or first inventor. He is deprived, however, of the right to recover costs, unless he has filed a proper disclaimer before the commencement of his suit. This section further provides: "But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer." The dispute here revolves around the provision last quoted.

Much consideration has been given by text-writers and courts to the proper construction and effect of those sections. See Walker, § 209; Robinson, § 644. In the Second circuit, for many years prior to 1909, the practice had been to compel a disclaimer as to all claims held invalid because too broad, before entering a decree for a preliminary injunction restraining infringement of the claims held valid. For a list of cases, see Page Mach. Co. v. Dow, Jones & Co. (2 C. C. A.) 168 F. 703, 94 C. C. A. 209. In this circuit, a similar practice had been declared and enforced in Odell v. Stout, 22 F. 159, opinion by District Judge Sage, concurred in by Mr. Justice Matthews, and in Office Specialty Mfg. Co. v. Globe Co., 65 F. 599, opinion by District Judge Sage. This practice, however, was criticized by Judge Coxe in Brush Elec. Co. v. Elec. Accumulator Co. (C. C.) 47 F. 48; Ballard v. McCluskey (C. C.) 58 F. 880. In Plecker v. Poorman, 147 F. 530, District Judge Thompson, of the Southern district of Ohio, refused to apply it. In the Page Mach. Co. Case, Judge Lacombe states that, while sitting at circuit, he had repeatedly refused to follow this practice, on the express ground that it was grossly inequitable. The basis of this criticism is that an appeal was then allowed only from an order granting or continuing a preliminary injunction in force, whereas the plaintiff had no appeal from an interlocutory decree holding patent claims invalid, and refusing to grant an injunction to restrain infringement of them. It was upon this ground alone that the Second Circuit Court of Appeals in the Page Mach. Co. Case disapproved of the practice, pre-existing in that circuit, requiring the plaintiff, as a condition precedent to an award of a preliminary injunction in his favor, to file first a disclaimer as to claims held invalid. It was considered harsh, inequitable, and unreasonable to require a

plaintiff to accept as final an interlocutory decree, and cut off his right of appeal from that part of the decree adverse to him, as a condition to his having any relief. Accordingly the Circuit Court of Appeals in that case refused to instruct the lower court to modify its decree, finding valid and infringed and awarding an injunction as to certain claims, until a disclaimer was filed as to a certain other claim held to be invalid.

There was no intimation in that case that a disclaimer should not be required as a condition precedent to the award of a preliminary injunction, if and whenever it was found and held on appeal that some claims were too broad and therefore invalid. In that situation, the patentee's right of review has not been cut off, but has been preserved and exercised. The practice of the Circuit Court of Appeals of this circuit uniformly has been to require a disclaimer as to claims held invalid because too broad, as a condition precedent to the award of a preliminary injunction against infringement of claims held to be valid. See Morgan Co. v. Alliance Co., 176 F. 100, 100 C. C. A. 30; Herman v. Youngstown, 191 F. 579, 587, 112 C. C. A. 185; Cummer v. Atlas Dryer Co., 193 F. 993, 998, 113 C. C. A. 611; Higgin Mfg. Co. v. Watson (C. C. A.) 263 F. 378. The same practice has been adopted and followed in the Seventh circuit. See Carbonic Co. v. Gilchrist Co., 253 F. 54, 58, 165 C. C. A. 652. In all these cases the lower court had sustained the validity of certain patent claims, and had awarded a preliminary injunction, and, on appeal by the defendant, the holding was that some claims only were valid and others were invalid. The instruction to the lower court was to grant a preliminary injunction restraining infringement of the valid claims only upon condition that the plaintiff produce evidence that a disclaimer had already been filed as to the invalid claims. In some instances the time given was 30, and in others 60, days within which to make such disclaimer and furnish proof. In Herman v. Youngstown, the Page Mach. Co. Case is cited as one of the authorities supporting the order made. The affirmance without criticism or modification of the decree of the District Court in equity case 573, is an implied approval of the practice adopted in the Page Mach. Co. Case. Thus far no inconsistency is perceived in the decisions of the several courts.

[1, 2] The controlling question then is whether the patentee, Louis H. Ensten, has unreasonably neglected or delayed to make disclaimer as to claim 2. The authorities reviewed hold no more than that he is not required to make this disclaimer in the District Court as a condition precedent to his right to the preliminary injunction restraining infringement of the claims held valid, thereby forever cutting off his right to review that part of the decree adverse to him. On the other hand, they support the proposition that when he has exercised his right of review, and it has been held on review that some claims are invalid, he must first disclaim as to them before being entitled to a preliminary injunction restraining infringement of the valid claims. Plaintiff now urges, in explanation of his delay in making disclaimer, that he wished to preserve his right of review, and, when a final decree was entered in equity case 573, then take an appeal and have reviewed the decision of the District Court as to claim 2. No final decree of that nature has yet been entered, but, as already stated, he changed his mind, for reasons not explained, and on April 30, 1924, filed a disclaimer. Defendants contend that this is an unreasonable delay and negligence. Plaintiff relies on the Page Mach. Co. Case as justifying the course followed, and as excusing him against the imputation of negligence or delay.

In my opinion, plaintiff's view of the law is not sound. When the Page Mach. Co. Case was decided, a plaintiff was without an appeal from an interlocutory decree sustaining some claims and awarding an injunction, but holding others invalid and denying an injunction as to them. An appeal was first permitted from an interlocutory decree granting or continuing an injunction in force, by section 7 of the act of 1891 (26 Stat. 828). This was an innovation in federal practice, which prior thereto permitted an appeal only from a final decree. It was held that this act conferred a right of appeal only in favor of the person against whom the injunction was granted or continued in force, and that a cross-appeal did not lie in favor of one who had been refused an injunction, even though the interlocutory decree in question sustained some claims of the patent and granted an injunction as to them but held other claims invalid. See Ex parte National Enameling Co., 201 U. S. 156, 26 S. Ct. 404, 50 L. Ed. 707. In 1895 section 7 was amended (28 Stat. 666) and its scope enlarged by adding the words "or refusing or dissolving an injunction." Later, by Act of June 6, 1900 (31 Stat. 660), said section 7 was again amended and re-enacted, so that by its terms an appeal would lie only from an interlocutory order granting or continuing an injunction, but not from an order refusing or dissolving an injunction. See Simkins, Federal Practice, 905. This was the

state of the law when the Page Mach. Co. Case was decided. Still later, by section 129 (effective January 1, 1912) of the Judicial Code (Comp. St. § 1121), the law was again amended, so that appeals were allowed from interlocutory decrees or orders granting, continuing, refusing, dissolving, or refusing to dissolve an injunction, or appointing a receiver. It appears, therefore, that plaintiff might have appealed from the interlocutory decree of the District Court in equity case 573, holding claim 2 invalid. If the District Court had held plaintiff's patent valid, and all'five claims infringed, and the Circuit Court of Appeals on appeal had found claims 1, 3, 4, and 5 only were valid and infringed, and that claim 2 was invalid, because too broad, the practice declared in the cases already cited would have required a disclaimer by the patentee before a decree awarding a preliminary injunction as to the valid claims would have been entered.

Is the patentee then entitled to refrain from exercising promptly his right of review? May he reserve his decision, as to whether he will do so or not, during a period of years, insisting in the meantime on his patent as an entirety? The Page Mach. Co. Case furnishes no. support for plaintiff's contention that he may do so. That case modified the earlier practice only to prevent the hardship of cutting off a right of appeal as a condition of getting any relief. None of the cases evidence any intention to extend indefinitely the time within which a patentee must disclaim, but only to protect him against the harsh and inequitable rule, which cuts off a right of appeal as a condition of getting any relief. It has never been held or intimated that a patentee is not charged with a duty of acting promptly in making disclaimer after a claim is held invalid, or after he discovers that he has included in his claims something of which he was not the first or original inventor or discoverer. It seems to me that it is now incumbent upon him to determine promptly whether he will disclaim or appeal.

[3, 4] It has been frequently held that mere knowledge of the invalidating prior art does not put upon him the duty of disclaiming, if he might in good faith regard his patent as valid, notwithstanding that art. In cases in which his claims have been allowed, and the lower courts have sustained their validity, it has been held that it was not negligence or unreasonable delay to refrain from making disclaimer until the reviewing court had passed thereon. See O'Reilly v. Morse, 15 How. 120, 14 L. Ed. 601; Seymour v. McCormick, 19 How. 106, 15 L. Ed. 557; Gage v. Herring, 107 U. S. 646, 2 S. Ct. 819, 27 L. Ed. 601.

This is not, however, to say that, after having been advised by a court of competent jurisdiction that this prior art does in fact invalidate certain claims, he may refrain from prosecuting an appeal therefrom within the time authorized by law. In the cases above cited, where the necessity for the disclaimer was disclosed by the decision of the Circuit Court of Appeals, he has been required to do so usually within 30, and at most within 60, days. In Herman v. Youngstown, it was said: "The patent as an entity is therefore invalid in its present form." After learning that his patent in its present form is invalid as an entirety, he is not at liberty thereafter to play fast and loose with the question of whether he will disclaim or not disclaim. It would seem inadmissible that he might elect not to appeal, and continue to insist during a prolonged period that his patent is valid as an entirety, reserving to himself the right to review the question of validity on appeal from a final decree. In the meantime he is occupying towards all the world an inconsistent attitude, in standing upon the validity of his patent as an entirety, and refraining from correcting, for the benfit of the public at large, inherent defects in his original patent. For these reasons, and in the light of the drastic policy adopted and applied in the cases cited, it would seem that the disclaimer was unreasonably delayed. Certainly the burden is cast on him to explain this delay and repel the inferences resulting from it.

It appears from the stipulated facts that approximately two years elapsed after the decision of the District Court, and approximately ten months after the first announcement of the Circuit Court of Appeals, before the disclaimer was made. In the meantime plaintiff was insisting on his patent as an entirety. He was having its date and number stamped on all product made in conformity to its disclosures. He was notifying the general public, of the existence of the patent, and claiming, by inference at least, protection of all its claims. In two instances only does it appear that attention of alleged infringers was called by him to the finding that claim 2 was invalid. No other explanation of this delay is offered than his asserted desire to review on appeal from a final decree the decision holding claim 2 invalid. This he might have done within 30 days. No reason is assigned why he changed his mind at the time when he later filed his disclaimer. The inference is strong that the failure to disclaim earlier was due to a fear that this action would weaken his position in the trade, and show others how competitive devices outside the scope of the valid claims,

but within the scope of claim 2, might be produced and sold. In Minerals Separation v. Butte, etc., Mining Co., 250 U. S. 336, 354, 39 S. Ct. 496, 63 L. Ed. 1019, a delay of 3 months and 17 days after final decision was excused, because the owners of the patent resided in a foreign country and war-time conditions then prevailing rendered communication slow and difficult. If foreign residence and war-time conditions must be invoked to explain a delay so brief, an unexplained delay of 2 years must certainly be held unreasonable. It is impossible to excuse that delay on any other theory than that the patentee has an absolute right to refrain from appealing from an interlocutory decree and preserve that right unimpaired until a final decree is entered. No support for this contention is found in the authorities. It is inconsistent with all the rules heretofore applied, whenever the burden and duty of disclaimer is cast on a patentee in order to save the validity of his patent.

My conclusion is that the plaintiff, Louis H. Ensten, has neglected and unreasonably delayed to make disclaimer as to claim 2. As a result, he is barred from maintaining a new and original suit upon his patent. To avoid misunderstanding, it should be added that this conclusion is not intended to affect any right obtained by the decree affirmed on appeal in equity case 573. It is not intended to affect the plaintiff's right to recover therein any damages and profits for any infringement within the scope and purview of that decree. The bar is intended to apply only to new and independent actions to recover for infringements outside of the scope of that decree, brought by the patentee after his unreasonable delay has become effective. No further effect is intended to be given by this decision.