LAUFENBERG, Inc. v. GOLD-BLATT BROS., Inc.

No. 9962.

United States Court of Appeals Seventh Circuit.

Feb. 10, 1950.

Ira Milton Jones, Milwaukee, Wis., Jules L. Brady, Bradford Wiles, Chicago, Ill. (Schroeder, Merriam, Hofgren & Brady, Chicago, Ill., of counsel), for appellant.

L. B. Mann, Chicago, Ill. (Pennie, Edmonds, Morton & Barrows, New York City, of counsel), for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff brought suit for infringement of its three patents, Wimmer, No. 1,863,211, Herodes et al., No. 2,180,902 and Laufenberg, No. D-150,306. Before trial it withdrew Wimmer and all claims of Herodes except claim 2. The court directed that the dismissal as to Wimmer and as to

claims 1, 3, 4 and 5 of Herodes be with prejudice. At the conclusion of the trial, the court held both Laufenberg and Herodes invalid and claim 2 of Herodes if valid, not infringed. Plaintiff appealed from so much of the judgment as decreed the Laufenberg patent and claims 1, 3, 4 and 5 of Herodes invalid. It does not appeal from that part of the judgment adjudging claim 2 of Herodes invalid or, if valid, not infringed. In this state of the record, we are confronted with the questions, (1), whether the trial court rightfully held the Laufenberg patent invalid, and, (2), whether it erred in holding the entire patent of Herodes invalid after dismissal of 4 claims and, if so, whether the circumstances of record are such that the case has become moot as to Herodes.

The Laufenberg patent covers a design of a drip tray adapted to be installed beneath and fit closely to the bottom of the flush tank of a watercloset to catch the condensed moisture which forms on the sides and bottom of the tank when the temperature is warm and humid and which, if not captured, falls upon the bathroom floor. A tube drains the water from the tray into the toilet bowl.

Herodes preceded Laufenberg. He claimed to have invented a novel and useful drip tray, and the article manufactured under his patent, is for all intent and purposes, the exact duplicate of what was later designed by Laufenberg except that the latter placed in his tray two grooves for draining the liquid, running diagonally toward each other from two opposite corners, forming an enlarged "V" and uniting at the outlet. Laufenberg showed rounded corners and Herodes, rectangular or nearly rectangular ones. The specific shape of the corners of either, of course, as constructed, would depend upon the maker's choice between rounded and square corners, depending upon the contour of the periphery of the bottom of the watercloset tank to which the tray was to be attached. In other words, the shape of the tray preferably should conform to that of the tank. Obviously there was no invention involved in thus shaping the corners of the tray to conform to those of the tank, either in utility or in design.

True, the two drainage canals, along which the water passes to the opening where it drains into the rubber tube, were added by Laufenberg. In a utilitarian patent this obvious expedient for draining, found in the ordinary meat platter on the dining table, would certainly not satisfy the standards of invention contemplated by our statute. Plaintiff insists, however, that his design is of aesthetic value, that it is a thing of art and beauty, and that this is true in spite of the fact that Herodes did everything that Laufenberg did except provide the canals for drainage. It is upon this latter feature of alleged novelty that plaintiff relies to sustain its claim of an inventive design.

The District Court thought that anyone who was trying to produce a pan to catch the moisture which might condense upon and drip from a toilet tank would very probably and without much thought, arrive at a design similar to that which the patentee described. We agree; we think the patentee failed to achieve invention in this design, the only new feature of which was the so-called streamlining of the canals. Obviously, the canals are hidden when attached to the tank, but plaintiff insists that they supply an aesthetic appeal to the housewife buying on the market. Be that as it may, we agree with the District Court in its conclusion that this did not constitute invention "To entitle a party to the benefit of the Statute, 35 U.S.C.A. § 31, the device must not only be new, but inventively new. The readaptation of old devices or forms, however convenient, useful, or beautiful they may be in their new roles, is not invention. Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606." Howell Co. v. Royal Metal Mfg. Co., 7 Cir., 93 F.2d 112, at page 113. As we have said previously, " * * * The law applicable does not differ from that governing mechanical patents. To entitle an applicant to the benefit of the act, in either case, there must be originality,—exercise of the inventive faculty. In the one must appear creative novelty and utility; in the other

creative originality in artistry. Mere mechanical skill, whether of the artisan or of the artist, is insufficient. * * *" See also North British Rubber Co., Ltd. v. Racine Rubber Tire Co., 2 Cir., 271 F. 936, at pages 938 and 939; H. D. Smith & Co. v. Peck et al., 2 Cir., 262 F. 415, at pages 418 and 419. We conclude the District Court rightfully held that the design reflected no creative originality in artistry but merely the mechanical skill of the designer.

▌ Plaintiff contends that, in view of its withdrawal of claims 1, 3, 4 and 5 of the Herodes patent from suit and the District Court's order of dismissal of those claims with prejudice, it was error subsequently to hold the dismissed claims invalid. Defendant denies that the order of dismissal as to these claims removed them from the power of the court to adjudicate and submits further that, in any event, plaintiff's failure to appeal from that part of the judgment holding claim 2 of the patent invalid, coupled with its failure to file a disclaimer as to that claim, serves to make the Herodes patent entirely void and renders moot the alleged error of the lower court in declaring it invalid.

We think it clear from the opinion of this court in Himmel Bros. Co. v. Serrick Corporation, 122 F.2d 740, 743, and the decisions in the Sixth Circuit in Ford Motor Co. v. Gordon Form Lathe Co., 90 F.2d 999, and Goodwin v. Carloss Co., 116 F.2d 644, 646, that it was error for the District Court to make any determination as to the validity of claims 1, 3, 4 and 5 of the Herodes patent, for the entry of the order dismissing the suit as to those claims left only claim 2 before the court. However, if, as defendant contends, plaintiff's failure to file a disclaimer as to claim 2, which was adjudged invalid and as to which plaintiff has not appealed, has resulted in the destruction of the entire Herodes patent, thereby rendering moot all question as to the validity of claims 1, 3, 4 and 5 thereof, this appeal, insofar as it relates to the Herodes patent, must be dismissed. Burton v. Carey, 9 Cir., 82 F.2d 657, 659, 660; Missouri Public Service Company v. City of Trenton, Mo., 8 Cir., 80 F.2d 520.

The Supreme Court, in Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 210, 75 L.Ed. 453, after pointing out that the purpose of the disclaimer provisions of the statute, Title 35 U.S.C.A., §§ 65 and 71, was to relieve inventors from the harshness of the old rule that a patent with an invalid claim was wholly void, proceeded to say that a patentee, to entitle himself to the relief afforded by the statute, must act without unreasonable delay. "In certain definitely defined circumstances and to the end that the mistaken but honest inventor may obtain relief from the old rule, the disclaimer provisions permit him to deprive the public temporarily of complete freedom from the assertion of a monopoly apparently valid, but not so in fact. *When a competent court has declared his pretensions without sufficient foundation, we think good faith and the spirit of the enactment demands that he act with such promptness as the circumstances permit either to vindicate his position or to relieve the public from further evil effects of his false assertion.* But for the benign provisions of the statute, such an assertion would invalidate the whole patent; and *these provisions were intended to protect only those who by prompt action either seek to overturn an adverse ruling or retreat from a false position.*" (Emphasis supplied.)

▌ When claim 2 of Herodes was adjudged invalid, then plaintiff, if it desired to preserve claims 1, 3, 4 and 5 was, under the statute, under the duty, within a reasonable time, to file a disclaimer with respect to claim 2 or, in the alternative, to appeal from that portion of the judgment declaring the latter claim invalid. Ensten v. Simon, Ascher & Co., supra; Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 493, 55 S.Ct. 455, 79 L.Ed. 1005; Maytag Co. v. Hurley Mach. Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264; Seymour v. McCormick, 19 How. 96, 15 L.Ed. 557. But plaintiff, having excluded from its appeal "so much (of the judgment) as holds claim 2 of Herodes, * * * invalid," has allowed nine months to pass without filing a disclaimer which would have kept open the question of val-

836

idity of claims 1, 3, 4 and 5. That this constitutes such an unreasonable delay as to invalidate the entire patent seems clear from the decision in Better Packages v. Link, 2 Cir., 74 F.2d 679, in which a disclaimer filed approximately four months after the entry of the decree declaring invalid one claim of the patent in suit was held to have been so unreasonably delayed as to result in forfeiture of the whole patent. See also Ensten et al. v. Simon Ascher & Co., Inc., 2 Cir., 38 F.2d 71. Consequently, so much of plaintiff's appeal as relates to claims 1, 3, 4 and 5 of Herodes must be dismissed.[1]

In all other respects the judgment is affirmed.

[1]. Even though there had been no unreasonable delay on the part of plaintiff in this case, we could not sustain claims 1, 3, 4 and 5 of Herodes, in view of the rule that, where one claim is declared invalid, the other claims should not be sustained by decree, in the absence of an appeal or a disclaimer as to the invalid one. Ensten v. Simon, Ascher & Co., 282 U.S. 445, 455–457, 51 S.Ct. 207, 75 L.Ed. 453, citing cases.